## LEWIS v. CLARKIN *et al.*

PLAINTIFF sells goods to C. on his individual account. Subsequently, C. directs plaintiff to charge the goods to the joint account of C. & J., which is done. Plaintiff sues C. & J. jointly. Proven that C. had no authority to bind J. : *Held,* that, although J. is not liable, judgment may be rendered against C.; that our Practice Act, sec. 145, has modified the common law rule—that, in suit against several joint debtors, plaintiff must recover against all or none— so far, at least, as to permit judgment against a portion of the defendants wherever the contract purports on its face to be the contract of all the parties sued, and it turns out in proof that a portion only are liable.

*Query:* whether the common law rule is not modified even further than this. New York cases referred to.

*Stearns* v. *Aguirre,* (6 Cal. 176) in this respect, overruled.

APPEAL from the Sixth District.

The facts appear in the opinion of the Court. Defendants had judgment below; plaintiff appeals.

*E. B. Crocker*, for Appellant, to the point that, where two or more are sued on a joint contract, judgment may be entered against one only, if the proof be that only one is liable, cited Pr. Act, sec. 145; *Stoddard* v. *Van Dyke*, 12 Cal. 437; *Adams* v. *Graham*, 6 Id. 68; 5 Duer, 327; 2 Abbott, 446; 1 Id. 63; 8 How. Pr. 151; 1 Kern. 294; *Mulliken* v. *Hull*, 5 Cal. 245.

*Frank Hereford*, for Respondents, cited 1 Chitty's Pl. 42–45; *Stearns* v. *Aguirre*, 6 Cal. 181.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action upon an account for goods, wares and merchandise sold and delivered. The sale and delivery are denied; and on the trial it appeared that the articles had been purchased by Clarkin on his individual account. By his direction they were subsequently charged to himself and his codefendant, Jenkins; but it was not shown that this fact was even known to the latter. The case not being made out as against him, the Court held that the action must fail as to both defendants. The findings establish the liability of Clarkin, and it is contended that the plaintiff is entitled to a judgment accordingly.

At common law, where several persons are sued as joint debtors, the general rule is that the plaintiff must recover against all or none; and in *Stearns* v. *Aguirre* (6 Cal. 176) this rule was referred to as applicable to our practice. The question of its applicability was not, however, involved in that case; and as we take a different view of the statutory provisions upon the subject, we do not consider ourselves bound by the opinion thus expressed. Section one hundred and forty-five of the Practice Act provides that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants;" and we do not understand that actions arising out of contract are to be excluded from the operation of these provisions. The language is general; and while it would not do to give to it such a construction as would enable a party to prosecute his suit against whomsover he might desire, without prejudice to his right of recov-

Lewis *v.* Clarkin.

ery as against those really liable, its effect undoubtedly is to modify the common law rule and limit its application. The only exception at common law to the rule requiring a joint recovery in an action upon contract against several defendants, is where some of the defendants interpose a personal defense, such as infancy or bankruptcy. Even where the contract purports on its face to be the contract of the parties sued, if it turn out in proof that some of the parties are not legally liable, the plaintiff cannot recover against any. The provisions of the statute are certainly broad enough to include this class of cases, and there is no reason why an interpretation so eminently just and proper should not be adopted. If A enter into a contract on behalf of himself and B, and a suit is afterwards brought upon it against both, the injustice of permitting the former to take advantage for his own benefit of the absence of liability in the latter will hardly be questioned; and such a case would seem to be, not only within the letter of the statute, but peculiarly within its spirit and meaning. It is unnecessary for us to determine whether this is the extent to which the provisions of the statute should be regarded as modifying the rule at common law; but the Courts of New York, under precisely similar provisions, have gone much further. The cases in which the subject has come under consideration will be found collected in a note to the two hundred and seventy-fourth section of Howard's edition of the Code of that State.

The only remaining question is whether the facts of this case bring it within the purview of the statute. Clarkin purchased the goods, and afterwards directed them to be charged to the joint account of himself and Jenkins, which was done. It turns out that Clarkin acted without authority from Jenkins, and the latter is not therefore liable. But the former is liable, and as by his act the transaction was made to assume the appearance of a joint liability, we think the plaintiff is entitled to a judgment against him in this suit. It was by his improper conduct that the plaintiff was induced to bring the suit in its present form, and the variance between the pleadings and the proof could not have taken him by surprise.

Judgment reversed, and cause remanded for a judgment upon the findings in accordance with this opinion.

See *People* v. *Frisbie, infra.*