[Civ. No. 1774. First Appellate District.—July 11, 1916.]

## JAMES McNEIL et al., Respondents, v. F. L. KREDO et al., Appellants.

ACTION TO RECOVER MONEY—EXECUTORY CONTRACT TO PURCHASE LAND—RESCISSION—PLEADING.—A complaint to recover a certain sum of money paid under an executory contract for the purchase of land states a cause of action where it alleges that the defendants without cause repudiated the contract, declared it canceled, and denied to plaintiffs any right or interest thereunder, as, this being true, plaintiffs were relieved from the obligation of further performance on their contract and were privileged to accept defendants' renunciation of the contract as a rescission of the same.

ID.—RESTORATION OF CONSIDERATION.—In the absence of a special demurrer, such a complaint is sufficiently certain in its allegations to the effect that plaintiffs had not received and retained by virtue of the contract anything of value from the defendants, and it was not essential to the statement of a cause of action to allege that the plaintiff had placed or had offered to place defendants in statu quo before electing to accept defendants' alleged rescission of the contract.

ID.—PLEADING AND PROOF—PARTNERSHIP OBLIGATION—INDIVIDUAL LIABILITY.—The allegation of the complaint that the contract in controversy was a partnership obligation does not preclude proof of the fact that it was the individual obligation of one of the defendants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

A. M. De Vall, for Appellants.

E. B. Mering, for Respondents.

THE COURT.—The defendants herein were sued individually and as copartners. The appeal is from the judgment entered in favor of the plaintiffs and against the defendant F. L. Kredo individually, and from an order denying him a new trial.

The action was for the recovery of the sum of $980 alleged to have been paid to the defendants pursuant to the terms of an executory contract for the purchase and sale of certain ranch property situate in the county of Mendocino. The plaintiff's complaint proceeded upon the theory that subsequent to the payment of the sum sued for, and without default by the plaintiffs, the defendants repudiated the contract and elected to rescind the same. Upon the trial of the case it developed in evidence that the contract in controversy was not a partnership obligation and that it had been executed only by and between the plaintiffs and the defendant F. L. Kredo individually. Accordingly a nonsuit was granted to the defendant H. F. Kredo and the partnership.

The complaint states a cause of action. It in effect alleged that the defendants without cause repudiated the contract, declared it canceled, and denied to plaintiffs any right or interest thereunder. This being so, the plaintiffs were relieved from the obligation of further performance on their part and were privileged to consider and accept the defendant's renunciation of the contract as a rescission of the same. (*Liver* v. *Mills*, 155 Cal. 459, 463, [101 Pac. 299]; *Simmons* v. *Sweeney*, 13 Cal. App. 283, 289, [109 Pac. 265]; *Seals* v. *Davis*, 25 Cal. App. 68, [142 Pac. 905].) In the absence of a special demurrer the complaint is sufficiently certain in its allegations to the effect that the plaintiffs had not received and retained, by virtue of the contract, anything of value from the defendants. Consequently it was not essential to the statement of a cause of action to allege that the plaintiff had placed or had offered to place the defendants *in statu quo* before electing to accept the defendant's alleged rescission of the contract. The allegation of the complaint that the contract in controversy was a partnership obligation did not preclude proof of the fact that it was the individual obliga-

tion of the defendant F. L. Kredo. (Code Civ. Proc., sec. 578; *Grangers' Union* v. *Ashe,* 12 Cal. App. 757, [108 Pac. 533].)

The evidence, in our opinion, sustains the findings of the trial court as to the making of the contract, its performance by the plaintiffs, the sums paid by them thereunder, and its repudiation and rescission by the defendants. The findings support the judgment. Standing alone, finding No. 6 may, as a result of a clerical misprision, be somewhat uncertain, but when considered and construed with the context of the findings as a whole, their numerical order and general arrangement, it is fairly certain that finding No. 6 refers to paragraph 6 of the complaint.

This disposes of all of the points made in support of the appeal which we deem worthy of discussion.

The judgment and the order appealed from are affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on August 10, 1916, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on September 7, 1916.