[Civ. No. 1939.    Third Appellate District.—January 30, 1919.]

MORRIS BROOKE, Respondent, v. J. H. GLIDE et al., Defendants; J. H. GLIDE, Appellant.

PARTNERSHIP—UNAUTHORIZED EXECUTION OF CONTRACT BY ONE PART-NER—INDIVIDUAL LIABILITY.—Where one of two partners owning a ranch as tenants in common signed in the name of the partnership without authority from the other partner a contract employing a real estate broker to sell the ranch and agreeing to pay a commission therefor, the contract was not, so far as he was concerned, a joint contract, but a joint and several contract on which he was individually liable.

ID.—PRESUMPTION AS TO LIABILITY.—In such case the presumption as to liability that should prevail is not that created by section 1431 of the Civil Code, but that created by section 1659.

ID.—VARIANCE BETWEEN PLEADING AND PROOF—JUDGMENT.—Where an action upon such contract was brought against the partnership and the individual who signed the contract, the trial court did not err in rendering judgment against the latter alone, who, having misled the pleader by the manner in which he signed the contract, should not be permitted to act as though he and not the pleader had been misled and thus to claim a variance in the pleading which as to him was not a material variance.

ID.—PLEADING—EVIDENCE—ADMISSION BY ANSWER.—Where the defendant had by his answer admitted that he had "in form executed the agreement," the trial court did not err in neglecting to rule upon his objection to the offer of the instrument in evidence, it being already in evidence under the admissions of the answer.

APPEAL from a judgment of the Superior Court of Yolo County.    W. A. Anderson, Judge.    Affirmed.

The facts are stated in the opinion of the court.

A. M. Seymour and Arthur C. Huston for Appellant.

Downey, Pullen & Downey for Respondent.

BUCK, P. J., *pro tem.*—This is an action against defendants, individually and as copartners, to recover a broker's commission alleged to have been earned by plaintiff under a contract of employment entered into between defendants and each of them with plaintiff.    Upon a trial of the case judgment was

given in favor of the plaintiff and against the defendant J. H. Glide alone. From this judgment defendant J. H. Glide has appealed.

In each of three counts it is alleged that defendants, J. H. Glide and Thornton S. Glide, were partners doing business under the name of Glide Brothers, and that "defendants and each of them" employed plaintiff to sell the property in question. The third count alleges that the "plaintiff and said defendants and each of said defendants entered into a written contract for the payment of a commission to plaintiff for the sale of" the ranch known as the Wilcox ranch. This contract is set out in full, and is signed "Glide Bros., by J. H. Glide." It is also alleged that "said J. H. Glide was duly authorized to make said contract on behalf of Glide Bros." The answer of defendants denies that defendants, or each or any of them, employed plaintiff to assist defendants, or any or either of them, in selling the property in question; and denies that the said J. H. Glide was authorized to make this contract on behalf of the defendants, or any or either of them, or on behalf of Glide Bros.," or that he was the agent of Glide Bros. to make this contract. Defendants, however, admit that "J. H. Glide in form executed the agreement in question by signing the same as follows: 'Glide Bros., by J. H. Glide' "; and also admit that the Wilcox ranch was owned by the defendant J. H. Glide and the defendant Thornton S. Glide as tenants in common. The court finds that the defendants were copartners, and finds that defendant J. H. Glide signed the contract in question without any authorization from the copartnership or from his codefendant. But finds that the Wilcox ranch referred to in the complaint was owned by defendants J. H. Glide and T. S. Glide as tenants in common, and that upon the signing of the contract plaintiff "performed all the conditions, covenants, stipulations and agreements in said contract on his part to be performed"; and the defendant J. H. Glide, having upon demand refused to pay the commission in the sum of two thousand dollars, is liable for the payment thereof to the plaintiff.

Appellant claims that this judgment is erroneous for the reason, as he claims, that the obligation sued upon is the joint obligation of the defendants, whereas the finding relates simply to a several obligation of the defendant J. H. Glide. He also claims that the contract "does not support a recovery

against J. H. Glide individually, because it is a joint contract and contains nothing creating any several liability.''

But the contract (assuming its entire validity) was not, as appellant contends, a joint contract so far as J. H. Glide was concerned. But, so far as he was concerned, it was a joint and several contract. For it was alleged in defendants' answer, and established in the findings, that the Glide Brothers, though they were not bound as partners in this transaction, were nevertheless tenants in common of the land in the selling of which the plaintiff earned his commission. Therefore it is not the presumption established by Civil Code, section 1431, as contended by appellant, that should prevail. But the presumption created by Civil Code, section 1659, should control.

''Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise° is presumed to be joint and several.'' (*Gummer* v. *Mairs,* 140 Cal. 535, [74 Pac. 26] ; *Bell* v. *Adams,* 150 Cal. 772, [90 Pac. 118].)

Therefore, defendant J. H. Glide, having signed a writing which, upon its face, by reason of the benefit accruing to him therefrom, binds himself severally as well as jointly, should not be permitted to escape his several liability upon the claim that he has also made an improper attempt to bind himself jointly with his brother, T. S. Glide. Having misled the pleader by the manner in which he signed the contract, he should not be permitted to act as though he, and not the pleader, had been misled, and to thus claim a variance in the pleading which as to him is not a material variance.

In the case of *Lewis* v. *Clarkin,* 18 Cal. 399, the defendant purchased goods just as the appellant here purchased services, and directed the plaintiff to charge them to the joint account of C. & J., just as the plaintiff here, by the signature of ''Glide Bros.,'' indicated to the plaintiff that the charge for the services would be a joint charge against the two brothers. In that case, as in the case at bar, it was proven that the purchaser of the goods had no authority from his assumed associate to bind him in this matter. The succinct language of the decision, by Cope, J., concurred in by Field, C. J., is particularly applicable to the case at bar:

''It turns out that C acted without authority from J, and the latter is not therefore liable. But the former is liable, and as by his act the transaction was made to assume the

appearance of a joint liability, we think the plaintiff is entitled to a judgment against him in this suit. It was by his improper conduct that the plaintiff was induced to bring the suit in its present form, and the variance between the pleadings and the proof could not have taken him by surprise."

The artificial logic of the old common-law pleading should not be resurrected in this case to enable the defendant J. H. Glide to escape his obligation under a contract in the procurement and performance of which he was actively and beneficially interested.

Where a contract is joint and several, so far as parties and pleadings are concerned, the rule is the same under section 578 of the Code of Civil Procedure, as it is where the obligation consists of a tort and the obligation is joint as well as several. It has recently been held in this court that in an action instituted against two joint tort-feasors upon a joint tort, judgment may be given against one of them, and a plea of variance will not be entertained. (*Haller* v. *Yolo Water and Power Co.*, 34 Cal. App. 317, at p. 320, [167 Pac. 197].)

And as stated by this court in *Melander* v. *Western Nat. Bank,* 21 Cal. App. 462, at p. 475, [132 Pac. 265, 271] : "No reason other than absence of statutory authority can be suggested why the same principle should not as well be applicable in actions on contract, and the cases above examined very clearly establish that, under sections 383 and 578 of the Code of Civil Procedure, it is a rule applicable to the latter class of actions."

In the case of *Morgan* v. *Righetti*, 5 Cal. Unrep. 397, [45 Pac. 260], the court said in affirming the judgment : "The only question upon this appeal is whether in an action against two as partners upon an alleged partnership liability, a recovery may be had against one of the defendants; the court finding that the defendants were not partners, but that appellant is individually liable for the indebtedness alleged in the complaint, and for which judgment was rendered against appellant, E. Righetti, alone."

In that case, under the authority of *Lewis* v. *Clarkin,* 18 Cal. 399, and *Bailey Loan Co.* v. *Hall,* 110 Cal. 490, [42 Pac. 962], it was held that the defendant, upon proof of his separate liability under the contract, could not escape judgment because the complaint, following the form in which he had created his liability, charged him with a joint liability. (See,

also, *Hartney* v. *Gosling*, 10 Wyo. 346, [98 Am. St. Rep. 1005, 68 Pac. 1118].)

Appellant also claims that the court erred in neglecting to rule upon defendants' objection to the offer in evidence of the contract alleged in the complaint.

So far as defendant and appellant J. H. Glide is concerned, no ruling of the court was necessary. The contract was already in evidence under the admissions of the answer that "J. H. Glide in form executed the agreement—by signing the same as follows: 'Glide Bros., by J. H. Glide.' "

With this admission as a foundation, the other testimony disclosing the identity of J. H. Glide as one of the Glide Brothers, and his interest as a cotenant in the consideration of the contract, established the materiality of the writing as evidence.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 31, 1919.

All the Justices concurred, except Olney, J., who was absent.