[L. A. No. 7013. In Bank.—February 23, 1923.]

## WALTER R. BLOOM et al., Respondents, v. ELIZA J. COATES, Appellant.

[1] PLEADING — DIFFERENT CAUSES OF ACTION—JOINDER—PARTIES.— Several causes of action may be united in the same complaint only when they affect all the parties to the action.

[2] ID.—BREACH OF CONTRACT—ACTION FOR DAMAGES—INSUFFICIENCY OF COMPLAINT.—In an action for damages for breach of an agreement to level certain land, the complaint does not state a cause of action against the record owner of the land, notwithstanding it alleges that the agreement was signed by one claiming a beneficial interest in the land as part consideration for the transfer of such beneficial interest and of the purchase of the legal title and interest of the record owner in an exchange with plaintiffs, where the written agreement purports to be solely the agreement of the one signing it and the allegations of the complaint disclose that plaintiffs knew at the time of the execution of the contract that the other was at least the record owner of the land.

[3] AGENCY—DISCLOSED AND UNDISCLOSED PRINCIPALS—LIABILITY— RULE.—An undisclosed principal may sue or be sued, but not a disclosed principal, especially when he is present at the making of the contract.

[4] ID.—LIABILITY OF PARTIES—SUBMISSION TO JURY—INSTRUCTIONS. In such a case it was error for the court to submit to the jury the question of the liability of the record owner on the agreement, and an instruction in effect that if the jury found from the evidence that she had knowledge of the agreement prior to the exchange, and acquiesced therein and received the benefits thereof, she would be liable upon the agreement executed in his own name by the one claiming a beneficial interest in the land, notwithstanding the former was the sole owner and the written agreement did not purport to refer to her as a party to be bound thereby, was erroneous.

[5] ID.—CONTRACTS—RATIFICATION.—A person cannot be held to have ratified a contract which she had not authorized, of which she had no knowledge, and concerning which she did not have knowledge of circumstances sufficient to put her upon inquiry.

[6] APPEAL—ENTIRE VERDICT ON SEVERAL CONTRACTS—UNSEGREGATED DAMAGES—REVERSAL.—In such a case, even if the record owner of the land is liable on an alleged contract of her own to level parts of the land, exclusive of the land covered by the contract executed by the one claiming a beneficial interest, the entire judgment against the former must be reversed where the damages have not been segregated.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Reversed.

The facts are stated in the opinion of the court.

Fred Horowitz and Walter E. Barry for Appellant.

John B. Haas for Respondents.

MYERS, J.—The following is the opinion of the district court of appeal herein, prepared by Mr. Presiding Justice Conrey:

"In and about the month of March, 1919, a 320-acre tract of land, the same being the north one-half of section 25, township 12 south, range 15 east, in the county of Imperial, was conveyed by deed of grant from one Launspach, the owner thereof, to the defendant Eliza J. Coates. The other defendant, R. M. Arnold, is her son. In April, 1919, Mrs. Coates executed to two Japanese tenants a lease covering 120 acres of said land at a specified rental to be paid. The lease contained a further agreement that the lessor would forthwith cause to be leveled an additional described 80 acres of her said land, which likewise she agreed to lease to said tenants at a separate stated rental to be paid by them. As to each of said tracts the lease was to be for a term of three years. In September, 1919, Mrs. Coates conveyed said land to the plaintiffs in exchange for certain land in San Bernardino County, and upon other considerations. The alleged cause of action of the plaintiffs upon which they have recovered judgment herein arises out of alleged agreements incidental to the transaction of exchange.

"By the complaint it is alleged that on September 10, 1919, the title to 120 acres (being the same 120 acres first described in said lease) stood in the name of Eliza J. Coates, but that the defendant R. M. Arnold at all times mentioned in the complaint held a beneficial interest in and to said property, 'the extent of which is unknown to the plaintiffs.' The complaint then set forth a copy of the lease made by Mrs. Coates to the Japanese tenants, and alleged that she made it in her own name but in fact for herself and for and on behalf of R. M. Arnold. It is then alleged that defendant Coates did for herself and on behalf of R. M. Arnold

further expressly agree to carry out the terms of said lease by agreement in writing indorsed on the back of said lease in words and figures as follows, to wit: 'September 10, 1919. For value received I hereby assign, transfer and set over unto J. S. Pritchard and Walter R. Bloom, their heirs, or assigns, all my right, title and interest in and to the within lease. Eliza J. Coates.' 'It is hereby understood and agreed that all leveling is to be done as per terms of the within lease. Eliza J. Coates.' It is then alleged that on or about September 10, 1919, defendant Coates, on her own behalf and on behalf of R. M. Arnold, did grant, bargain, sell and convey unto the plaintiffs, by grant deed, said 320-acre tract of land. It is next alleged: 'VIII. That on the 10th day of September, 1919, R. M. Arnold, as beneficial owner and in consideration of the sale of said land to the plaintiffs, made, executed and delivered to J. S. Pritchard and Walter R. Bloom the following agreement: "September 10, 1919. Messrs. J. S. Pritchard and Walter R. Bloom. Gentlemen: In consideration of the sale to you of the following described land I hereby agree to level and put in position to rent balance of unleveled portion of the N. ½ of section 25, twp. 12 S., range 15 E., Imperial county, California. Work to be started within 15 days after this deal on said land is closed. R. M'. Arnold. Work to be completed within 6 months from this date." IX. That the said agreement was made, executed and delivered by the said defendant, R. M. Arnold, as part consideration of the transfer of the beneficial interest and title of the said R. M. Arnold to the plaintiffs and in consideration of the purchase of the legal title and interest to the said land by the said plaintiffs from said defendant Eliza J. Coates. X. That plaintiffs have performed all the conditions, terms and covenants upon their part agreed to be performed. XI. That the said defendant, Eliza J. Coates, has failed and refused and still does fail and refuse to comply with her agreement to level or cause to be leveled the property as set out in the lease, which property is embraced in and included in the property as set out in the agreement executed by defendant R. M. Arnold, although repeated demands have been made on said Eliza J. Coates so to do. XII. That said defendant R. M. Arnold has failed and refused and still does fail and refuse to level or cause to be leveled, the land set out in

the agreement executed by said R. M. Arnold, which land embraces and includes therein the land which said defendant Eliza J. Coates agreed to level or cause to be leveled, although repeated demands have been made on said defendant R. M. Arnold so to do. XIII. That by reason of said failure of said defendants to comply with the terms of their respective agreements, plaintiffs have been damaged in the sum of $10,000, the reasonable cost of leveling the said land, and in the further sum of $2,000, the reasonable rental value of the said land.'

"The defendants having separately demurred to the complaint, and their demurrers having been overruled, they answered separately, and Mrs. Coates also filed a cross-complaint seeking damages arising out of false representations concerning the San Bernardino County property received by her from the plaintiffs. Plaintiffs answered to the cross-complaint. The case was tried before a jury, which rendered a verdict in favor of the plaintiffs against both of the defendants, and awarded damages in the sum of $8,000. Judgment having been entered in accordance with the verdict, the defendant Eliza J. Coates alone appeals therefrom.

"From the record it is apparent that the damages awarded have been assessed equally against both defendants, upon the theory that appellant, Mrs. Coates, was bound not only to do the leveling upon 80 acres as provided in the Japanese lease, but that she was also bound by said written agreement of R. M. Arnold, made in the terms hereinabove stated. If the complaint, in so far as it was founded upon a writing signed by Arnold, did not state a cause of action against appellant, then the court erred in overruling her demurrer to the complaint, upon the stated ground that several causes of action were improperly united, in that there was an alleged cause of action against appellant for breach of the contract signed by her, together with an alleged cause of action against Arnold on his several contract. [1] Several causes of action may be united in the same complaint only when they 'affect all the parties to the action.' (Code Civ. Proc., sec. 427.)

[2] "Notwithstanding the allegation that the agreement signed by Arnold was made as part consideration of the transfer of his alleged beneficial interest and title to said land to the plaintiffs 'and in consideration of the purchase

of the legal title and interest to the said land by the plaintiffs from said defendant Eliza J. Coates,' we are of the opinion that the complaint did not state facts sufficient to charge appellant with any obligation upon the agreement signed by Arnold. The writing purports to be solely the agreement of Arnold. The several allegations of the complaint, read in their sequence, disclose the fact that at that time the plaintiffs knew that Mrs. Coates was at least the record owner of the 320-acre tract. That being so, she would not be bound as principal upon a writing which did not purport to be made in her behalf, and which was not executed by her. [3] Our conclusion on this point is supported by the opinion of the supreme court in *Ferguson* v. *McBean,* 91 Cal. 63, 72 [14 L. R. A. 65, 27 Pac. 518, 520], where the court said: 'It is undoubtedly true that when the principal is undisclosed he may sue or be sued, but not when he is known, and especially not when he is present at the making of the contract. . . . Considered independent of authority, we think sound policy requires the enforcement, in cases such as these, of the general rule that a writing cannot be varied by parol. It is as important to know who has made a contract as to know its terms; and when the parties put it in writing, there is no more reason or excuse for omitting the name of a known party, whom it is the intention to bind, than there is for omitting its most important stipulation. To allow such a practice opens the door, in every case, to such conflicts of evidence as this case illustrates upon a point which can be easily and forever set at rest by simply making the written evidence of the contract conform to the mutual understanding of the parties as to matters fully within their knowledge. We think the superior court erred in overruling the demurrers, and in admitting the testimony referred to.'

[4] ''We think the court erred in submitting to the jury the question of liability of appellant on the agreement signed by Arnold. The court instructed the jury 'that the rights and obligations of each of these defendants may be entirely separate and distinct from the rights and obligations of the other, or said rights and obligations may be joint, as you may conclude from the evidence and under these instructions.' The court further instructed the jury: 'that if you should find from the evidence that the defendant Eliza J.

Coates, was the owner of the land in Imperial County, and that the defendant, Ralph M. Arnold, had no interest in said land, and that the defendant, Ralph M. Arnold, of his own accord, and without the express consent of the defendant, Eliza J. Coates, executed an agreement to level the unleveled portion of the N. ½ of Sec. 25, Twp. 12 S., range 15 E., then I instruct you that the defendant, Eliza J. Coates, cannot be bound by such agreement, unless you find that said defendant, Eliza J. Coates, had knowledge of said agreement prior to the exchange, acquiesced therein, and received the benefits thereof.'' The effect of this instruction was to inform the jury that if they should find from the evidence that appellant had knowledge of said agreement prior to the exchange, and acquiesced therein, and received the benefits thereof, she would be liable upon the agreement made by Arnold in his own name, notwithstanding that she was the sole owner of the land and that the written agreement did not purport to refer to her as a party to be bound thereby, or at all. This is directly in opposition to the law as above set forth in our quotation from *Ferguson* v. *McBean.* Moreover, there is no evidence that appellant saw that agreement, or that its terms were communicated to her.

''It appears from the evidence that on August 13, 1919, four weeks prior to the transactions of September 10, defendant Arnold, as assumed owner of said 320 acres, signed a written instrument employing Stacy Realty Company as his agents, and authorizing them to exchange for him the said 320 acres of land; and agreeing to exchange the same for said land in San Bernardino County and other considerations to be paid by Bloom and Pritchard. On this instrument, and at its date, Bloom had signed an acceptance subject to the approval of Pritchard. In said agreement of August 13th, immediately following the description of the 320-acre tract, these words occurred: 'same to be leveled and put in position to rent.' The meeting of the parties at Stacy Realty Company's office on September 10th was arranged by Arnold with the plaintiffs and through the real estate agents for the purpose of carrying out that agreement. Appellant was present at the request of Arnold, who informed her that he had arranged to dispose of the Imperial County land for her.

"It is contended by respondents that these last-mentioned facts concerning the agreement of August 13th .take the case out of the rule declared in *Ferguson* v. *McBean* (*supra*), because at that time Mrs. Coates was an undisclosed principal of Arnold, who then and there was her agent; that Mrs. Coates relied upon Arnold and ratified his acts and was thus bound by the statement in the agreement of exchange that the land was to be leveled; and that she accepted the benefits of the transaction and was thus bound to assume the burdens and to bear the obligations. From these stated facts, together with the fact, which respondents contend has been proven, that Arnold owned an interest in the land, it is argued that appellant should be held bound by Arnold's agreement for the leveling of the land. But there is a total absence of evidence that appellant at any time knew of the existence of said agreement of August 13th, or that she had at any time given him written authority (the only legal authority) to exchange or sell her land for her. [5] We do not know of any principle of law by which she can be held to have ratified a contract which she had not authorized, of which she had no knowledge, and concerning which she did not have knowledge of circumstances sufficient to put her upon inquiry. Said agreement of August 13th is thus wholly irrelevant as to the question of appellant's liability to plaintiffs in this action. (Civ. Code, sec. 2310.)

[6] "Assuming, without deciding, that appellant is liable upon her alleged agreement to level eighty acres of the land, exclusive of the 200 acres covered by Arnold's agreement, nevertheless the entire judgment against appellant must be reversed, since the damages have not been segregated."

The application for a hearing by this court was granted because of the earnest insistence of counsel for respondents that the district court had overlooked or disregarded substantial evidence which entitled them to recover against Mrs. Coates as an undisclosed principal, also evidence which bound her under the rule of ratification of a contract by acceptance of the benefits thereof, and evidence which brought into operation the principles of estoppel *in pais*. Further examination of the record convinces us that the foregoing opinion contains an accurate statement of the

essential facts and a correct application of the rules of law thereto.

Mrs. Coates could not be in the position of an undisclosed principal herein, because it appears conclusively from the evidence that plaintiff, Bloom, who acted for both plaintiffs in this transaction, knew, before the deal was made, that she was the owner of the land. This fact brings the case squarely within the rule of *Ferguson* v. *McBean, supra.* The so-called contract of August 13th was not a contract at all. It was merely a proposal on the part of Arnold which was tentatively accepted by Bloom, ''subject to approval of J. S. Pritchard, my partner.'' It was never approved by Pritchard, and never became binding upon anybody—nor does it appear ever to have been considered by any of the parties as binding anyone. This disposes also of the claim of ratification of the contract of August 13th by the acceptance of the benefits thereof. There being no such contract, of course, there were no benefits thereof. In addition is the circumstance pointed out above that there is no evidence that Mrs. Coates ever had any knowledge of said so-called contract. Plaintiffs cannot claim an estoppel, because the plaintiff, Bloom, who was acting for both of them, testified expressly that he expected Arnold, and Arnold alone, to do the leveling.

The judgment is reversed as to the appealing defendant.

Waste, J., Lennon, J., Seawell, J., Kerrigan, J., Wilbur, C. J., and Lawlor, J., concurred.