[Civ. No. 5378. Second Appellate District, Division Two.—May 26, 1928.]

HENRY RUBIN, Respondent, v. PLATT MUSIC COMPANY (a Corporation), Appellant.

Peyton H. Moore and Glen E. Huntsberger for Appellant.

Harry Sherr for Respondent.

STEPHENS, J., *pro tem.*—This case arose out of a contract to purchase a piano. The action was tried by the court

without a jury and judgment went for plaintiff. Defendant appeals.

The facts present little conflict. ■ The plaintiff, respondent here, after seeing an advertisement of defendant announcing "Platt's 19th Anniversary Sale," went to the latter's branch store and engaged in conversation one B. Goodman, manager of the branch, relative to the purchase of a piano. An agreement was arrived at, whereupon cash in the sum of $150 was paid over and an instrument on a blank piece of paper was written by Goodman and handed to respondent. The instrument read as follows:

"October 16, 1924.

"Mrs. H. Rubin,
        "2756 Fairmont St.,
            "Los Angeles, Calif.

"Acknowledge receipt of a check amount One hundred fifty dollars as initial payment on piano, small grand, Emerson; new, purchased from me.

"Balance of payment should be upon delivery of the instrument, One hundred dollars cash and two lots which are located in Sunny Slope Acres near Alhambra, Calif., on Ivan St. #46 Dimension of lots 100 x 19 on which you owe 937.50 payable monthly payment of 12.50 month on which I will assume payment if legally correct.

"B. GOODMAN."

Respondent and his wife held a contract to buy the real property described in the above instrument, and shortly after the writing passed both assigned their rights in such contract and delivered the instrument to Goodman. There is evidence to the effect that this assignment was in blank. The money paid was not turned in to the appellant corporation, and the blank for the name of the assignee of the lot contract was filled in with the name "B. Goodman" after the delivery of the contract. The piano was never delivered, although another was sent to respondent's house and left there for a time, when someone took it away. On numerous occasions over a period of several months respondent called at the branch store about getting the piano for which he bargained, but was only put off by Goodman with some story calculated to excuse the default.

At the trial plaintiff offered testimony which strongly supported the idea that he at all times assumed he was

dealing with Platt Music Company, and that he paid his money and assigned his lot contract rights to that company for the piano mentioned in the written instrument. To all of this defendant objected on the ground that it tended to vary the terms of a written contract. The instrument on its face does not appear to be more than a receipt, and the evidence adduced seems to compel the conclusion that the contract was oral. However that may be, the complaint alleges the instrument to be a written contract and the answer admits it to be such. The receipt recites the terms of the agreement, and under the circumstances we are bound to treat it as a contract.

Appellant cites the case of *Bloom* v. *Coates*, 190 Cal. 458 [213 Pac. 260], and argues that that case supports two points of law, viz.: ''(1) That an undisclosed principal may sue or be sued, but not a disclosed principal, especially when he is present at the making of the contract; and (2) where a writing purports to be solely the agreement of the agent, and does not purport to bind the principal, or to be made in his behalf, and was not executed by him, he would not be liable.'' In the proper consideration of the problems presented it will be useful to analyze a number of California cases.

*Curran* v. *Holland*, 141 Cal. 437 [75 Pac. 46]. This action was based on a written agreement to recover a real estate loan commission. The agreement was signed by an agent of a principal undisclosed in the negotiations and in the written agreement except that the latter signed as a witness. The action was against the principal, and oral evidence was received tending to prove that the witness to the agreement was the real principal. It is stated in the opinion that '' . . . the evidence was clearly admissible.'' We quote further from the same case:

''It is said in Reinhard on Agency (sec. 223): 'While extrinsic evidence, except in the instances heretofore pointed out, will not generally be received to vary or contradict the contents of a written instrument, such evidence is always admissible to charge with liability an undisclosed principal, *or one who though disclosed is not named in the instrument.'* [Italics in the text.] (See, also, Reinhard on Agency, secs. 303, 308, and cases cited; Story on Agency, sec. 466a.) The supreme court of the United States, in *Ford* v. *Williams*,

21 How. 289 [16 L. Ed. 36], said: 'The contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein; and notwithstanding the rule of law that an agreement in writing may not be contradicted or varied by parol, it is well settled that the principal may show that the agent who made the contract in his own name was acting for him. This proof does not contradict the writing: it only explains the transaction.''

Other authorities are there cited to the same intent. It does not appear that the particular point italicized in the foregoing quotation, and which is the exact point in the instant case, was before the court, but it is pertinent as an expression from a foremost text-writer and follows as logically from the reason presented as does the precise point decided. The case *Estrella Vineyard Co.* v. *Butler,* 125 Cal. 232, 237, 238 [57 Pac. 980], is to the same effect.

In *Ferguson* v. *McBean,* 91 Cal. 63 [14 L. R. A. 65, 27 Pac. 518], Mr. Justice Beatty says: ''It is undoubtedly true that when the principal is undisclosed he may sue or be sued, but not when he is known, and especially not when he is present at the making of the contract.'' He then proceeds to say that there is much authority both ways as to whether the principal can be sued where he is disclosed, and thinks the sound policy is that he cannot be, as this would violate ''the general rule that a writing can not be varied by parol.'' As to the invocation of this rule, it may be said in passing that there seems to be no better reason for varying the rule where the principal is unknown or undisclosed than where he is disclosed; further, that it would seem to require oral evidence in most cases to ascertain whether he was disclosed or undisclosed. The reason given in *Ford* v. *Williams, supra,* that it is not a case of varying a written contract, because of the rule of agency that the contract of the agent is the contract of the principal, would appear to be the sound one.

Mr. Justice Shaw, in *Geary Street etc. R. R. Co.* v. *Rolph,* 189 Cal. 59 [207 Pac. 539], says:

''We are also of the opinion that the better reason, as well as the weight of authority, is against the proposition that the mere fact that the principal is known to the third person at the time he contracts with the agent prevents such third person from holding the principal liable on the con-

tract made in the name of the agent. We treat this point because upon a new trial it may appear that the agency was fully known to plaintiff. That the principal is not liable in such a case if the circumstances, or the terms of the contract, or the two combined, show an intent by the other party to take the agent as his debtor or obligor, in preference to the principal, is, as we have said, well established, and it is manifestly in accordance with reason and justice. In such a case the election takes place at the time of the making of the contract. But where no such election or intent appears, and there is nothing more than a contract made in the name of the agent, knowing him to be such and with knowledge of the identity of his principal, the case is, and should be, governed by the well-known principle that he who acts by another acts by himself, that the contract of the agent within the scope of his authority is in legal effect the contract of the principal. The Civil Code states that 'an agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights *and liabilities which would accrue to the agent,* within such limit, if they had been entered on his own account, *accrue to the principal.'* (Sec. 2330.) ''

Further along in the case he quotes from Story on Agency to a like effect, and adds: '' . . . and he extends this doctrine to written contracts.'' In the same case this eminent jurist, in referring to the quoted section from *Ferguson* v. *McBean, supra,* says that ''the statement was not necessary to the decision, nor was the decision based on it.''

The next case to consider—and we are treating these cases chronologically—is *Bloom* v. *Coates, supra.* The opinion in that case quotes extensively from *Ferguson* v. *McBean* on the point that ''a writing cannot be varied by parol,'' and basing the ruling explicitly upon this quotation, finds a certain instruction legally bad. The court says:

''The effect of this instruction was to inform the jury that if they should find from the evidence that appellant had knowledge of said agreement prior to the exchange, and acquiesced therein, and received the benefits thereof, she would be liable upon the agreement made by Arnold in his own name, notwithstanding that she was the sole owner of the land and that the written agreement did not purport to refer to her as a party to be bound thereby, or at all.''

But it is crystal clear that any instruction with this effect would be bad without any reference to the doctrine of parol evidence. All of these conditions would be evidence proper for the jury to weigh in deciding the point, but they would not be conclusive, as the instruction seems to have intended.

We come now to the late case of *Marshall* v. *Bernheim*, 64 Cal. App. 283 [221 Pac. 401]. The facts of that case are very similar to the instant one. The owner, the owner's agent and the purchaser of an automobile met and the deal resulting was a written contract whereby, upon the face of the instrument, the purchaser agreed to buy the automobile from the agent. The owner was not mentioned. When difficulties arose the purchaser was allowed to prove by oral evidence that the real principal in the contract was the owner, though not mentioned in the writing. To quote from the opinion:

"The theory of the Ferguson case (*Ferguson* v. *McBean*, *supra*) was that to permit a party to change his written contract in order to hold a known but unnamed principal would violate the parol evidence rule. Though the rule is not accepted generally in other jurisdictions, it has been followed in this state until the recent case of *Geary Street etc. R. R. Co.* v. *Rolph, supra,* where the supreme court implied that it should be qualified to the extent that it must appear that the contracting party elected to hold the agent instead of the principal. The Geary Street case involved an oral contract and the supreme court has left uncertain the application of the rule in a case involving a written contract. Unless the execution of the contract with the agent when the principal is known and present is in itself evidence of an election to hold the agent, we cannot imagine a case in which the election could be proved by other than parol evidence. . . . In the Geary Street case the supreme court say: 'That the principal is not liable in such a case if the circumstances, or the terms of the contract, or the two combined, show an intent by the other party to take the agent as his debtor, or obligor, in preference to the principal, is, as we have said, well established, and it is manifestly in accordance with reason and justice. In such case the election takes place at the time of the making of the contract.' From this we assume that if the trial court should find, upon substantial evidence, that the obligee, at

the time the contract was made, elected to hold the agent rather than the principal, the appellate court would be bound by the finding, but where, as here, the trial court found that the obligee took both the agent and the principal, there was no election at the time the contract was made, and, of course, we are bound by that finding.''

A hearing in the supreme court was denied December 27, 1923.

It seems to us that the basis of the doctrine hereinabove referred to from the *Ferguson* v. *McBean* case, *supra*, was erroneous; that its doctrine was not necessary to the opinion, and that its doctrine was not necessary to the decision in *Bloom* v. *Coates, supra*. We think the doctrine in *Ford* v. *Williams, supra*, is sound; that the case of *Marshall* v. *Bernheim, supra*, is in accord therewith, and that the reason for the rule of the *Geary* v. *Rolph* case, *supra*, supports the *Marshall* v. *Bernheim* case and should be applied in the instant case.

The foregoing covers assignments of error numbered I, II, III, and VI, leaving numbers IV, V, and VII undisposed of.

We are in agreement with appellant (assignment No. IV) that the finding to the effect that the allegations of the answer of B. Goodman are false, in so far as they are inconsistent with the matters found to be true, is not a good finding. (*Krug* v. *Lux Brewing Co.*, 129 Cal. 322 [61 Pac. 1125].) We do not see where this has prejudiced any right of appellant.

We are also in agreement with appellant as to his assignment No. V. The case having been brought against appellant and B. Goodman, and having gone to trial without the dismissal of B. Goodman as a defendant, the court should have made findings and entered a judgment as to him. The complaint is laid against both defendants. The findings, however, are that appellant was the principal with whom respondent contracted. We do not see where the neglect or failure to enter a judgment against the agent is prejudicial to any rights of appellant. The case of *McDevitt* v. *Corriea*, 70 Cal. App. 245 [233 Pac. 381], is authority only for the point that where suit is begun against the agent after discovery that he is the agent and not the principal, and not at all against the principal—that this

constitutes an election as to the party sought to be held liable. That is not the point here.

■ Assignment of error No. VII. "That there is a substantial and material variance between the findings of the court and the pleadings of the plaintiff in that the complaint alleges a joint contract between the plaintiff and both defendants."

We have carefully read all of the cases cited by appellant in support of his contention under this assignment. They are all very early California cases, and it is of course common knowledge that the strictness of pleading has been lessened materially. However, we do not think even these early cases justify the strictness demanded by appellant. The latest case cited, *Mondran* v. *Goux*, 51 Cal. 151, contains the following, which appellant quotes with approval: "In other words, the cause of action, if any, established by the findings is wholly different from that averred in the complaint, and is foreign to any issue raised by the pleadings. The rule is well settled that a plaintiff must recover, if at all, upon the cause of action set out in his complaint, and not upon some other which may be developed by the proofs." Herein plaintiff (respondent) alleges that the contract was entered into by and between him and Platt Music Company and B. Goodman. A writing is set up as the contract, signed by B. Goodman alone. The court finds the contract was by and between plaintiff and Platt Music Company, and not B. Goodman—that Goodman was but an agent. Can it be said that these circumstances constitute a case where the finding "is wholly different from that averred in the complaint and is foreign to any issue raised by the pleadings"? Because plaintiff alleges that both defendants are parties to this contract and the proof shows that only one thereof is in truth and in fact a party, is it a finding upon another cause of action? It seems to us that both of these questions must be answered in the negative. The variation complained of did not prejudice the rights of appellant and is not of such materiality as to affect the judgment. (*McNeil* v. *Kredo,* 31 Cal. App. 76 [159 Pac. 818]; *Brooke* v. *Glide,* 39 Cal. App. 534 [179 Pac. 546].)

Judgment affirmed.

Craig, Acting P. J., and Thompson, J., concurred.

212

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 23, 1928.

All the Justices present concurred.