[S. F. No. 13132. In Bank.—May 6, 1930.]

THE CROCKER NATIONAL BANK OF SAN FRAN-CISCO (a National Banking Association), Appellant, v. W. H. SAY et al., Respondents.

Morrison, Hohfeld, Foerster, Shuman & Clark and W. E. Simpson for Appellant.

Everts, Ewing, Wild & Everts, and A. W. Carlson for Respondents.

SHENK, J.—This is an appeal from a judgment in favor of the defendants in an action on the following promissory note:

"$56,214.79 San Francisco, Cal. June 4, 1923.

"On demand, and if no demand be made, then six months after date, for value received in gold coin of the Government of the United States, I, we, or either of us, jointly or severally, promise to pay to the order of Crocker National Bank of San Francisco at its banking house in the city, Fifty-six thousand two hundred fourteen and 79/100 dollars, with interest from date at the rate of six per cent per annum, until paid, payable quarterly—both principal and interest payable in like gold coin.

"W. H. SAY
"HENRY ROSS
"IVAN C. McINDOO"

The note was executed under the following circumstances: The Valley Bank was a state bank doing business in Fresno. It was contemplating the purchase of the National Bank of Bakersfield for the purpose of establishing a branch at Bakersfield. The Valley Bank either owned or controlled 679 shares of the 1,000 shares of the Bakersfield bank. Before the transaction could be completed it became necessary to repair the capital assets of the Bakersfield bank to the extent of $56,214.79. The members of the executive committee of the board of directors of The Valley Bank discussed ways and means for securing the necessary funds and it was decided to apply to the plaintiff bank for a loan for the required amount. The Valley Bank had an account with the plaintiff bank. The cashier of The Valley Bank was author-

ized to proceed to San Francisco to interview the proper officers of the plaintiff bank in an endeavor to obtain the loan. Thereafter the cashier of The Valley Bank had a conference with a vice-president of the plaintiff bank at San Francisco at which time the application for the loan was made and the purposes for which the funds were to be used were fully explained to the officers of the plaintiff bank. The latter agreed to recommend the loan provided a note for the amount was signed by responsible and acceptable directors of The Valley Bank. The names of several members of the executive committee were mentioned and approved. The cashier of The Valley Bank then returned to Fresno. The note sued on was prepared and was signed by the defendants who were stockholders and directors of The Valley Bank and were members of said executive committee. On or about the date of the note the cashier of The Valley Bank transmitted the note in the form above quoted to the plaintiff by mail with the request that the amount thereof be placed to the credit of The Valley Bank. This was done and The Valley Bank received the benefit of the amount of the note. The Valley Bank paid the interest on the note for a time. After due demand on the defendants and default in payment this action was commenced on May 26, 1924.

The defendants resisted the action on four grounds: (1) That there was no effective delivery of the note; (2) that the defendants received no consideration for the note; (3) that they signed the note solely as agents for their principal, The Valley Bank of Fresno, the real debtor, which facts were known to the plaintiff at the time, and (4) that the loan to The Valley Bank by the plaintiff was made for an illegal and unlawful purpose known to the plaintiff.

By their answer and by motion the defendants sought to have The Valley Bank made a party to the action on the ground that a complete determination of the controversy could not be had without its presence as a party. The motion was denied. Over the plaintiff's objection the court admitted evidence on all of the issues raised by the special defenses. Thereafter the court found that the defendants signed the note solely as agents and that the transaction was otherwise as contended by the defendants in this respect;

that the Valley Bank itself received the entire proceeds of the loan, and therefore no consideration was received by the defendants; that the note was accepted by the plaintiff "for the purpose of evading the laws of the state of California concerning the purchase of the capital stock of one banking institution by another banking institution"; that the plaintiff knew that the proceeds of said loan were to be used by The Valley Bank in a transaction which involved the purchase by The Valley Bank of capital stock of the National Bank of Bakersfield and that the plaintiff knew this to be a prohibited transaction.

Delivery of the note is assumed in the findings of the court and it is not now seriously questioned that the delivery to the plaintiff found to have been made by the cashier of The Valley Bank after the execution of the note by the defendants was not effective as such. The fact that the defendants personally did not receive the proceeds of the note would not, of course, render the note void for want of consideration. The detriment suffered by the plaintiff bank was adequate in that behalf. The first and second defenses therefore need not be further noticed.

The main grounds of the appeal are that the court erred in admitting evidence to contradict the defendants' liability on the note; that the competent evidence is insufficient to support the findings; and that the findings do not support the judgment.

 Under some circumstances and in a proper action extrinsic evidence may be introduced to establish the liability of a principal who is not a party to the contract (see *Geary St. etc. R. R. Co.* v. *Rolph*, 189 Cal. 59 [207 Pac. 539]; *Pacific Ready Cut Homes, Inc.*, v. *Seeber*, 205 Cal. 690 [272 Pac. 579]; *Rubin* v. *Platt Music Co.*, 92 Cal. App. 203 [268 Pac. 396]; 1 Cal. Jur., p. 831 et seq.), but extrinsic evidence is not admissible to avoid the liability of the maker of a promissory note who signs in his individual capacity even though he was the agent of another at the time. Moreover, sufficient evidence of agency must appear on the instrument itself. (*Sayre* v. *Nichols*, 7 Cal. 535, 539 [68 Am. Dec. 280]; *Hobson* v. *Hassett*, 76 Cal. 203 [9 Am. St. Rep. 193, 18 Pac. 320]; 19 Cal. Jur., p. 823 et seq.; 1 Daniel on Negotiable Instruments, 6th ed., sec. 300; Mechem on Agency, 2d ed., secs. 1150, 1162; Story on Promissory Notes, sec. 68.)

The principle is so definitely settled with reference to negotiable instruments that further discussion is unnecessary. ▮ No contention could be made that the instrument sued on discloses the agency or shows that the defendants executed it for and on behalf of a principal. The court, therefore, did not err in refusing the defendants' request to make The Valley Bank a party defendant to the action.

▮ The record herein discloses a situation wherein the defendants were accommodation makers and the court erred in admitting in this action any evidence of their alleged agency. Without this evidence there would be no basis for the finding that the defendants signed solely as agents.

This leaves for consideration the sufficiency of the evidence to support and the effect of the finding that the plaintiff accepted the note signed by the defendants for the purpose of evading the laws of the state of California concerning the purchase of the capital stock of one banking institution by another and that the plaintiff knew that The Valley Bank was procuring the money for an alleged unlawful purpose. In this connection it is to be noted that the court found that the money loaned by the plaintiff was to be used for three different purposes: First, to repair the capital assets of the National Bank of Bakersfield; second, to purchase the assets of that institution, and third, to enable The Valley Bank to buy the stock of that institution. The plaintiff therefore urges a fatal inconsistency in the findings. The inconsistency is apparent. When the findings are considered in a light most favorable to the defendants' position, viz., that the plaintiff loaned the money to The Valley Bank with knowledge that the latter bank intended to use the funds for the purpose of buying the stock of the Bakersfield bank, we are met with the contention that the plaintiff may not recover because The Valley Bank intended to, or did, violate section 37 of the Bank Act (Stats. 1923, p. 56), reading in its pertinent parts as follows: "No bank shall, except as otherwise provided in this act, purchase or invest its capital or surplus or money of its depositors, or any part of either, in the capital stock of any corporation unless the purchase or acquisition of such capital stock shall be necessary to prevent loss to the bank on an obligation owned or on a debt previously contracted in good faith, . . . pro-

vided, however, that not more than an amount equal to twenty-five per centum of the capital and surplus of any such bank may be at any one time invested in the capital stock of . . . such other corporation, . . . ''

■ Assuming that the purchase of stock in the Bakersfield bank, as contemplated by The Valley Bank, would exceed the statutory authorization, the contemplated action was, at the most, *ultra vires*. Whatever remedies might otherwise exist as against the assumed *ultra vires* act of the bank, such remedies could not have the effect of striking down the entirely. lawful transaction between The Valley Bank and the plaintiff herein. The Valley Bank could not urge its own usurpation of power as against a valid obligation created between itself and its creditor in another and distinct transaction. (*Chambers* v. *Security etc. Bank,* 51 Cal. App. 212 [196 Pac. 488].) ■ It is not and could not successfully be contended that The Valley Bank was without power to borrow money from the plaintiff or that the plaintiff was without power to lend money to The Valley Bank. Having received the full benefit of the loan from the plaintiff, The Valley Bank would not be heard to complain that it intended to use the money for an unauthorized purpose when, as here, it does not appear that the plaintiff was to participate in anywise in the unauthorized act. Much less may the defendants urge that they are not liable on an obligation to which The Valley Bank is not a party.

The foregoing discussion relates to the effect of the findings most favorable to the defendants' position, namely, that the purpose of The Valley Bank in using the money was to purchase stock of the Bakersfield bank, and to the contention of the defendants that such a transaction was contrary to the statute. However, the evidence more directly and positively supports the finding that the money was to be used for the purpose of repairing the impaired capital stock of the Bakersfield bank. It is not shown that such a purpose was unlawful.

The cases of *Bank of Orland* v. *Harlan,* 188 Cal. 413 [206 Pac. 75], and *First National Bank* v. *Reed,* 198 Cal. 252 [244 Pac. 368], relied upon by the defendants, are widely distinguishable on the facts and are not in point. ■ Here no fraud or deceit is charged against or brought home to the plaintiff bank. Here the documentary evidence establishes

the enforceable obligation. It is the well-settled rule of the law merchant generally that only those persons who are parties to a negotiable instrument may be sued upon it (sec. 3099, Civ. Code), and there is no evidence in the record to remove this case from the operation of the general rule.

We conclude, therefore, that the competent evidence before us is insufficient to support the findings in favor of the defendants and that the findings otherwise do not support the judgment.

The judgment is reversed.

Richards, J., Seawell, J., Preston, J., Curtis, J., and Waste, C. J., concurred.