[Civ. No. 15697.   First Dist., Div. Two.   June 4, 1954.]

VICTOR MORICONI, Respondent, v. LEONTINE FLEMMING, Defendant and Appellant; N. H. DEVELOPMENT COMPANY (a Corporation) et al., Interveners and Appellants.

Christin & Davis, Charles A. Christin, Langer & Simpson and J. C. Simpson for Appellants.

James E. Burns and Stephen Mana for Respondent.

DOOLING, J.—All of the defendants appeal from a judgment rendered in favor of the plaintiff. The action was commenced against defendant Flemming to recover on two promissory notes given by Flemming to plaintiff. N. H. Development Company and Newton, its president, intervened and filed an answer and cross-complaint.

The indebtedness here sued upon is the culmination of a series of transactions, commencing in 1944, in which plaintiff gave defendant Flemming various sums of money which were

in turn loaned to N. H. Development Company and Newton on promissory notes given in the earlier transactions to one Johnson and in the later ones to one Grote. Johnson and Grote were successively managers of Tropical Fruit Center, a wholesale distributor of fruits and vegetables in San Francisco. N. H. Development Company owns an orchard planted to oranges and olives in Butte County. The loans were made in the successive years to enable N. H. Development Company to care for and harvest its crops and were secured by crop mortgages. Prior to 1947 after the sale of the crop in each year the loans were repaid with interest by N. H. Development Company from the proceeds of the sale of the mortgaged crop. The money was paid to Johnson or Grote, by them turned over to Flemming who in turn accounted for it to plaintiff.

In 1947 plaintiff surrendered to Flemming two promissory notes given by her to him in earlier transactions which aggregated $7,000 and she gave him her note for $7,000. Later in the same year plaintiff gave Flemming an additional $3,000 and received her promissory note for $3,000. These two notes aggregating $10,000 are the basis of the judgment against Flemming.

This $10,000 was loaned by Grote to N. H. Development Company and Newton and this loan was secured by a crop mortgage given to Grote. Grote later assigned the indebtedness and the crop mortgage to Flemming and Flemming testified that she in turn made a similar assignment to plaintiff, although no such assignment was produced at the trial.

By their complaint in intervention N. H. Development Company and Newton admitted their liability to plaintiff for whatever balance was unpaid on his money which had been loaned to them by Grote, alleged that an accounting was necessary to ascertain this balance and prayed for such accounting. They further alleged that this indebtedness was secured by the continuing crop mortgage given by them to Grote in 1947 and denied Flemming's liability on the promissory notes. Later plaintiff filed an amended complaint seeking a recovery against N. H. Development Company and Newton.

It developed on the trial that Flemming had received $2,750 from N. H. Development Company in partial payment of its indebtedness but that this money had been kept by Flemming and no part of it paid by Flemming to plaintiff.

The court gave judgment against Flemming for $12,505

and against the other two defendants for $9,607.03. The difference in the two amounts is accounted for by a credit to N. H. Development Company and Newton for the $2,750 paid to Flemming and a difference in the dates of Flemming's two notes and the dates, which were later, when the moneys were loaned by Grote to the other two defendants. There is no claim that the several amounts with interest thereon are not correctly calculated.

The appellant Flemming asserts that she should not be held liable on her promissory notes because the money was actually loaned to the other defendants and she was only an agent or trustee to transmit it to them. A somewhat similar contention was disposed of in *Crocker Nat. Bank of San Francisco* v. *Say,* 209 Cal. 436 [288 P. 69]. The court said at pages 440-441:

"Under some circumstances and in a proper action extrinsic evidence may be introduced to establish the liability of a principal who is not a party to the contract (see *Geary St. etc. R. R. Co.* v. *Rolph,* 189 Cal. 59 [207 P. 539]; *Pacific Ready Cut Homes, Inc.* v. *Seeber,* 205 Cal. 690 [272 P. 579]; *Rubin* v. *Platt Music Co.,* 92 Cal.App. 203 [268 P. 396]; 1 Cal.Jur., p. 831 et seq.), but extrinsic evidence is not admissible to avoid the liability of the maker of a promissory note who signs in his individual capacity even though he was the agent of another at the time. Moreover, sufficient evidence of agency must appear on the instrument itself. (*Sayre* v. *Nichols,* 7 Cal. 535, 539 [68 Am.Dec. 280]; *Hobson* v. *Hassett,* 76 Cal. 203 [9 Am.St.Rep. 193, 18 P. 320]; 19 Cal.Jur., p. 823 et seq.; 1 Daniel on Negotiable Instruments, 6th ed., § 300; Meechem on Agency, 2d ed., §§ 1150, 1162; Story on Promissory Notes, § 68.) The principle is so definitely settled with reference to negotiable instruments that further discussion is unnecessary."

The maker of an unconditional promissory note cannot vary its terms by parol evidence. (*Oakland Medical Bldg. Corp.* v. *Aureguy,* 41 Cal.2d 521 [261 P.2d 249].)

The detriment suffered by Moriconi in parting with his money was a sufficient consideration for Miss Flemming's notes even though she received no personal benefit. (*Crocker Nat. Bank of San Francisco* v. *Say, supra,* 209 Cal. 436, 440; *Silva* v. *Holme,* 109 Cal.App.2d 461, 466 [241 P.2d 21].)

Appellants N. H. Development Company and Newton admit their liability but contend that under section 726, Code of Civil Procedure, the security of the crop mortgage

should have been first foreclosed and that it was therefore error to give a money judgment against them. The ready answer is that they asked an accounting in their cross-complaint and the court in an accounting has jurisdiction to award full relief between the parties. (1 Cal.Jur.2d, Accounts and Accounting, § 82, p. 419.) The following appeared without contradiction from the testimony of the attorney for these appellants:

"Q. Mr. Christin, what crops have been sold during the years 1948, 1949 and 1950? A. The crop in 1948 brought $6,300; the crop in 1949 brought $5,625, and the crop in 1950 brought $5,425. . . .

"Q. What was done with those proceeds? A. I do not know. They went to the company."

It thus appears that these appellants had already realized from the sale of crops covered by the mortgage more than enough to pay the full amount of the judgment against them. It was their duty to apply these moneys to the payment of the secured indebtedness under the terms of the mortgage and the previous practice of the parties.

All the appellants argue that separate awards could not be made against them. Where several liabilities arise against different defendants from the same transaction several awards against them may be made in the same judgment and appellants cite no cases holding to the contrary. *Bank of America* v. *Superior Court*, 20 Cal.2d 697 [128 P.2d 357] cited by appellants is not in point on this question.

It is clear that respondent should have only· one complete satisfaction of the total liability. For that reason the judgment should provide that any satisfaction of the judgment against N. H. Development Company and Newton should operate as a *pro tanto* satisfaction of the judgment against Flemming and any satisfaction of the judgment against Flemming which reduces the unpaid balance of said judgment below the amount of the judgment against N. H. Development Company and Newton should operate *pro tanto* as a satisfaction of the latter judgment.

It is ordered that the judgment be modified to so provide and as so modified it is affirmed, respondent to have his costs on appeal.

Nourse, P. J., and Kaufman, J., concurred.