## C. W. MILLARD *v.* REUBEN FARLEY.

In a suit to cancel a contract, where it would require a liquidation between the parties in order to ascertain their respective rights, the plaintiff is not bound to refund what he has received, before he can be allowed to institute his action.

Where there has been an active violation of a contract, the creditor is under no obligation to put the *debtor in default in order to entitle him to his action to cancel.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Matthews & McFee*, for plaintiff and appellant. *John T. Ludeling*, for defendant.

VOORHIES, J. An exception was filed to the plaintiff's action and resulted in a judgment of dismissal.

The plaintiff appealed.

The object of this suit is to cancel a contract entered into between these parties.

The case, as presented by the pleadings, is as follows, to-wit:

*C. W. Millard* contracted with the Board of Trustees of the Masonic Female College for the erection of a college building. After commencing operations, *Millard* transferred his rights under the contract to *Reuben Farley*, and also a portable steam engine, mules, materials, &c., which were in use for that purpose, on condition that the latter would pay him one thousand dollars,—four hundred in cash, and the balance on credit,—and would assume the payment of liabilities of the former to third persons for the sum of six hundred and three dollars.

It appears that the defendant has received from the Board of Trustees the sum of three hundred and eighty-five dollars; and that he paid to the plaintiff the sum of three hundred and ten dollars in cash, and furnished his note for the sum of ninety dollars, to make up for the payment of the sum of four hundred dollars stipulated to be paid in cash.

The defendant disposed of materials for purposes other than the erection of the college building, and was enjoined from disposing of the rest to the prejudice of the plaintiff, who then proceeded to have the latter portion sequestered.

The plaintiff notified the defendant to pay the debts or liabilities due to third persons; but the same remains unpaid to the amount of $469 46.

The exception filed in this cause sets up that the plaintiff has not placed the defendant *in mora*, and has not offered to restore the price received.

With regard to the second objection, it may be at once observed, that, if the allegations of the petition be substantiated by the evidence, the plaintiff will be largely the creditor of the defendant.

As it would, under the circumstances, require a liquidation between the parties, in order to ,ascertain their respective rights, it were doing a vain thing to compel the plaintiff to refund what he has received, before allowing him to institute his action.

The other objection is not tenable, under the distinct allegations of the petition, that there was, on the part of the defendant, an active as well as a passive violation of the contract.

The Code, it is true, says that a putting in default " is a prerequisite to the recovery of damages and of profits and fruits, or to the rescission of the contract "; C. C. 1906 ; but this rule is modified by the provisions of a subsequent Article, in cases of active violation of contract. Then, " the creditor is under no obligation to put the debtor in default, in order to entitle him to his action." C. C. 1926. The plaintiff has complied with his obligations, and, besides, has in vain notified the defendant to take up the liabilities due by the former to third persons.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and annulled ; and that this cause be remanded for further proceedings according to law, the defendant and appellee paying the costs of appeal.