[Sac. No. 442. Department One.—November 28, 1898.]

L. A. RICHARDS, Appellant, v. P. B. FRASER et al., Respondents.

PARTNERSHIP—TRUST RELATION—DUTY OF PARTNERS.—Section 2411 of the Civil Code applied.

ID.—RELEASE—FRAUDULENT ADVANTAGE.—If a release is obtained from a partner by his copartners, by which they have secured a decided advantage over him, through concealing information of their actions which as his partners and as trustees for him they ought to have divulged, the withholding of such information is equivalent to a false representation at the time of the release.

ID.—SETTING ASIDE RELEASE—ACCOUNTING—EVIDENCE.—In an action to set aside a release alleged to have been fraudulently procured by the defendants as copartners of the plaintiff, and for an accounting of the partnership, the complaint in which also alleges fraudulent concealment and misrepresentation by the defendants as to the cost of the partnership property, and as to the conduct of the partnership, upon an inquiry upon the issue as to the fraudulent procurement of the release, the plaintiff should be allowed to prove the partnership, and such acts of misrepresentation and concealment by the defendants as to the affairs of the partnership as would tend to show that the defendants obtained a fraudulent advantage over the plaintiff in procuring the release.

Id.—Rescission—Restitution, when not Required.—One who attempts to rescind a transaction on the ground of fraud, is not required to restore that which, in any event, he would be entitled to retain.

Id.—Discharged Note and Mortgage Fraudulently Procured.—In an action to set aside a release on the ground of fraud, a note and mortgage given by plaintiff for the purchase price of partnership property, which were discharged when the release was given, and should remain discharged, if the complaint is not proved, but which are alleged to have been the fruits of a fraudulent misrepresentation and concealment of the price of the property, and which ought never to have been executed, if the complaint is proved, and should be disregarded upon an accounting, need not be restored, as a condition of relief, and the complaint need not offer to place the defendants in *statu quo* in relation to them.

Id.—Laches of Plaintiff—Wrongful Exclusion of Evidence.—Laches of the plaintiff claimed by the defendant, which does not appear on the face of evidence offered by the plaintiff, and wrongfully excluded, cannot be considered in determining the admissibility of the evidence; but the plaintiff is entitled to have the excluded evidence considered on that question, as well as upon other questions to which it was relevant.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward J. Jones, Judge.

The facts are stated in the opinion.

James A. Louttit, and Rodgers & Paterson, for Appellant.

Nicol & Orr, and Budd & Thompson, for Respondents.

BRITT, C.—Among other allegations of the complaint here plaintiff charges, in substance, that in December, 1891, himself and the defendants, Fraser, Rosenbaum and Guernsey, formed a copartnership for the purpose of buying and farming a tract of three thousand acres of land, called the Sargent tract, the parties to share equally in profits and losses; that by a conspiracy between defendants and the seller the real purchase price of the land—forty dollars an acre—was concealed from plaintiff, and he was fraudulently induced to contribute and did contribute to the purchase of the same at the rate of above seventy-five dollars an acre; that defendants and the said seller of the property shared among themselves the excess thus ob-

tained from plaintiff by fraud: that plaintiff paid his share of the fraudulent price in the manner following: the sum of sixty-two hundred and fifty dollars at the time of the formation of the partnership, and the balance of fifty-six thousand dollars by his note made to defendant Rosenbaum in August, 1893, secured by mortgage on various lands of plaintiff, including seven hundred and fifty acres of the said Sargent tract which had been previously set over to him in severalty upon a division of the tract among the alleged partners; that subsequently plaintiff satisfied said note and mortgage by the conveyance to Rosenbaum of property which the latter accepted in payment thereof; that defendants knowingly kept false accounts of the business of said partnership; that they omitted therefrom certain considerable credits to which plaintiff was entitled and rendered to him false statements of said accounts, and fraudulently misrepresented to him the amounts received and expended in the partnership business; that the concern is largely indebted to plaintiff, and that no complete accounting of its business has ever been had.

It is further alleged that on September 11, 1894, at the request of defendants, plaintiff executed to them an instrument of writing, in form a release of all demands "upon, or by reason of, any matter, cause, or thing, from the beginning of the world" to the date last mentioned; that defendants "then and there" falsely, and for the purpose of inducing plaintiff to sign said instrument, and of defrauding him, represented that nothing was owing to him from them or from said copartnership; that Rosenbaum threatened to foreclose the mortgage by which said note for fifty-six thousand dollars—then past due—was secured, unless plaintiff signed said release; that plaintiff was then ignorant of the aforesaid frauds perpetrated by defendants; that under the circumstances thus alleged he signed said release, and that subsequently to the execution thereof he discovered the frauds charged. The prayer of the complaint is for an accounting, et cetera. The action was begun August 1, 1896.

In their answer defendants denied any partnership with plaintiff, and denied all the allegations of fraud; they pleaded affirmatively that on said September 11, 1894, they had a full

and fair settlement of all previous business transactions with
plaintiff, and that thereupon he executed to them the release
mentioned in the complaint, and that the same remains in
force; and they denied that Rosenbaum threatened any fore-
closure proceedings against plaintiff, or that the latter signed
said release in fear of foreclosure.

At the trial, the court ruled that the issues concerning the exe-
cution of the release of September 11, 1894, should be first tried,
plaintiff making no objection to the order of trial so adopted.
Thereupon the plaintiff produced evidence tending to show that
his said note for fifty-six thousand dollars and interest became
due about four weeks before said September 11th; that Rosen-
baum said he must have the interest due or he would foreclose
the mortgage; that plaintiff afterward made an arrangement with
Rosenbaum by which the latter agreed to accept in satisfaction
of the debt, a conveyance of plaintiff's seven hundred and fifty
acres in the Sargent tract, together with a quantity of per-
sonal property valued at about twelve thousand dollars; that
at this stage of the negotiation defendant Guernsey presented
to him the said written release, saying, "It don't amount to any-
thing, but we would like to have you sign it," and plaintiff exe-
cuted the same accordingly; whereupon the said pending ar-
rangement with Rosenbaum was consummated. Plaintiff testified
that the inducement moving him to execute the release was to
prevent foreclosure of the mortgage to Rosenbaum, and also
that if he had then had the information he afterward obtained
concerning the accounts of the partnership he would not have
signed it.

Plaintiff further offered evidence directed to the allegations of
his complaint concerning the formation of a partnership with de-
fendants, and, generally, what representations were made to
him by defendants regarding the purchase of said Sargent tract,
and also the price in fact paid for the same; defendants ob-
jected on the ground that the release in writing executed by
plaintiff estops any inquiry into previous transactions unless it
was fraudulently obtained, and that the evidence offered has no
bearing on the execution of that paper, which objections the
court sustained.  The court also struck out the testimony of
plaintiff concerning his receipt of a statement of firm accounts

rendered by defendant Guernsey in the early part of the year 1894, and which, plaintiff testified, he discovered to be false after he had executed said release of September 11th; the court also rejected evidence of declarations regarding such statement made to plaintiff by Guernsey in May, 1894; the ground of these rulings seems to have been that the evidence was too remote in point of time from the release. Other rulings of similar general character, excluding evidence for plaintiff, appear in the record. The court held that for the purpose of proving representations by defendants—meaning, apparently, representations directed immediately to obtaining the said release—plaintiff's counsel might interrogate the witnesses upon the assumption that a partnership existed between the parties, but it refused to try the question whether there was in fact a partnership until the presumptive effect of the release should be overcome by other evidence. Judgment was rendered in favor of defendants at the close of the evidence for plaintiff.

It has seemed proper to set out thus fully the condition of the case at the trial in order that the bearing of the rulings of the court on the admission of evidence may be apparent. Our conclusions may be stated more briefly. It is plain that the court circumscribed too narrowly the field of investigation. If the parties were partners, then in the matter of the acquittance of September 11, 1894, defendants were not dealing with plaintiff as with a stranger; they were trustees for him; it is statute law with us that: "In all proceedings connected with the formation, conduct, dissolution, and liquidation of a partnership every partner is bound to act in the highest good faith with his copartners. He may not obtain any advantage over them in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind." (Civ. Code, sec. 2411.) Now if, besides the averment of a partnership, the other allegations of the complaint, upon which the evidence rejected seems to have been relevant, are true, then when plaintiff gave defendants the said acquittance they obtained a very decided advantage over him by concealing information of their actions which, as his partners and as trustees for him, they ought to have divulged; withholding such information was equivalent to false representation operative at the time of

the release, and the evidence offered, both to prove a partnership and a breach of duty by defendants, was strictly pertinent to the issue made whether the release was fraudulently procured. (*Belden v. Henriques*, 8 Cal. 87; *Pomeroy v. Benton*, 57 Mo. 531; Lindley on Partnership, marg. pp. 486, 516; *Caldwell v. Davis*, 10 Colo. 481; 3 Am. St. Rep. 599.)

Defendants urge that plaintiff's action must fail in any event, for the reason that he has not offered to restore to them or any of them the advantages he gained by the discharge of his note for fifty-six thousand dollars and the mortgage on his property by which the note was secured. But if the averments of the complaint are true, the note and mortgage to Rosenbaum were fruits of the alleged frauds practiced on plaintiff, and for that reason they ought not to be enforced; the parties should account together as if said note and mortgage had not been executed; while if plaintiff fails to prove his charges of fraud, the said note and mortgage remain as they are—discharged by the effect of the transactions of September 11, 1894. It was therefore unnecessary to offer to place defendants in *statu quo* as regards those securities. (*Gilson etc. Co. v. Gilson*, 47 Cal. 597; *Millard v. Farley*, 15 La. Ann. 518.) "One who attempts to rescind a transaction on the ground of fraud is not required to restore that which in any event he would be entitled to retain." (*Kley v. Healy*, 127 N. Y. 555.)

It is also argued that plaintiff is barred by his own negligence and delay; however this may be, the fact does not affirmatively appear on the face of the evidence rejected by the court; plaintiff was entitled to have the same considered on that as well as other questions which it tended to illustrate. (See *Zebley v. Farmers' Loan etc. Co.*, 139 N. Y. 461.) The judgment and order denying a new trial should be reversed.

Chipman, C., and Haynes, C., concur.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.

Garoutte, J., Van Fleet, J., Harrison, J.