[Civ. No. 262. First Appellate District.—November 23, 1906.]

# HENRY HUMBURG, Respondent, v. JOSEPH A. LOTZ, Appellant.

JOINT BUSINESS ENTERPRISE—EQUAL SHARES—PURCHASE OF PATENTS— UNFAIR ADVANTAGE BY ASSOCIATE—RECOVERY OF BENEFIT.—Where defendant entered into a joint business enterprise with plaintiff, who put in his business at its true valuation, and it was agreed jointly to purchase the exclusive right to use in the county certain valuable letters patent for purposes of the business, under an agreement that each was to be the owner of and pay the undivided one-half of the whole enterprise, under a representation of defendant to plaintiff that the letters patent could be purchased for $8,000, which was relied upon and agreed to by plaintiff, in ignorance of the fact conceded by defendant that he already had a contract to buy such exclusive right for $5,000, or to sell it on commission for $3,000 more, and he in fact paid only $5,000 therefor, and turned it into the enterprise as $8,000, the plaintiff, upon discovery of the facts, is entitled to recover from defendant the benefit of the contract in the sum of $1,500.

ID.—MUTUAL AGENCY—FIDUCIARY RELATIONS—OBLIGATION OF PARTIES. When plaintiff and defendant agreed to enter into the common enterprise together, each one became the agent of the other in regard to the purchase of the property and the management of the business. They occupied fiduciary relations to each other, and neither could take advantage of the other for his own benefit by dealings in the name of both, and in furtherance of the common enterprise. Defendant was bound to act in the highest good faith to plaintiff, and will not be allowed to obtain any advantage over him by misrepresentation or concealment.

ID.—INJURY TO PLAINTIFF IMMATERIAL—RIGHT TO SHARE IN BENEFIT OF BARGAIN.—Though the plaintiff was in fact injured by reason of his payment of $1,500 more than he would have been required to pay if defendant had paid his just part of the purchase price, yet a person in a relation of trust and confidence will not be upheld in violating his trust to his own benefit, because the entire trust transaction did not injure the party whose trust has been betrayed in the particular transaction. Each party, in such case, has the right to enjoy his proportion of the benefit of a bargain made by either.

ID.—FINDINGS—SUPPORT OF JUDGMENT—IMMATERIAL ISSUE AS TO PART-NERSHIP.—Where the findings support the judgment and sufficiently show the fiduciary position occupied by the parties toward each other, *it is* immaterial whether they were or were not copartners in the

technical sense; and it was not necessary for the court to find in express terms upon the issue made by the pleadings that plaintiff and defendant entered into an agreement to become partners.

ID.—FINDING NEGATIVING ANSWER—CHARACTER OF CONTRACT.—The finding that plaintiff and defendant jointly agreed to purchase the exclusive right to use the patents in the county is inconsistent with and negatives an averment in the answer that the contract was for the purchase by plaintiff of a half interest in defendant's option for $4,000.

ID.—PLEA OF CORPORATION FORMED BY PARTIES—IMMATERIAL ISSUE.—The fact pleaded in the answer, if true, that plaintiff and defendant formed a corporation to conduct the business after the purchase, and that plaintiff sold his shares at a profit, would not justify the defendant in keeping the $1,500, which in justice he owes to the plaintiff, and is wholly immaterial.

ID.—EVIDENCE—EFFECT OF SUPPOSED KNOWLEDGE—MATERIALITY.—The question whether, if plaintiff had known that defendant had a credit of $3,000 at the time, and was to pay $2,500 only, he would have gone into the arrangement, could not be objected to as immaterial. It was material to know whether or not plaintiff would have gone into the arrangement if he had known that defendant was taking advantage of him to the extent of $1,500.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

C. T. Bird, and Charles Clark, for Appellant.

Jackson Hatch, for Respondent.

COOPER, J.—This is an appeal from a judgment and order denying defendant's motion for a new trial.

The facts, as shown by the findings and the evidence, are substantially as follows: Defendant is a brother of Augustus Lotz, who was, during the years 1903 and 1904, the president of the "Sanitary Compressed Air and Suction Dust Removing Company," a corporation doing business in California, and which was at the times herein named the owner of certain letters patent for certain automatic air dust removing and cleaning devices, and portable wagons, used in its business. In the early part of the year 1903 the said corpora-

tion agreed with defendant that he should have the exclusive right to purchase and sell the said letters patent, and the devices and portable wagon in connection therewith, in the territory covered by the county of Santa Clara, for the sum of $8,000, out of which defendant was to be paid a commission of $3,000, making the net price to defendant of $5,000, and this arrangement was in force at all the times the defendant was negotiating with plaintiff. Plaintiff and defendant had known each other for many years, and during such time had been upon friendly terms, and plaintiff had faith and confidence in the honesty, integrity and friendship of the defendant.

In the month of September, 1903, plaintiff was engaged, and for a long time prior thereto had been engaged in the business of beating and cleaning carpets in the city of San Jose, and had a fixed place of business in said city, with a plant and necessary appliances therefor of the value of $3,000. About this time the defendant, without informing plaintiff anything about his arrangement and contract with the corporation of which his brother was president, went to plaintiff and told him of the merits of the patent and devices of the corporation, and that they were the best and most practical and valuable of such rights and devices. Defendant further told plaintiff that because of the fact that his brother was the president of the corporation, he, the defendant, could purchase the patent for Santa Clara county, and the devices, upon very favorable terms. After several interviews the defendant informed plaintiff that the said patent right and appliances could be purchased for Santa Clara county for $8,000. Plaintiff did not know of the fact that the defendant had an arrangement by which he could purchase the letters patent and devices for $5,000, and had no means of knowing such fact, but relied solely upon the statements and representations made to him by defendant. The result of the interviews was that plaintiff and defendant agreed that they would jointly purchase the letters patent and devices for $8,000, and also the plaintiff's plant at its value, $3,000, making $11,000, and that each should become the owner of and pay for an undivided one-half thereof, $5,500. The plaintiff turned over his plant at its valuation and paid the balance, $2,500. The defendant only paid in $2,500, and not

$5,500, and the sum of $5,000 was all that was paid to the corporation for the letters patent and devices.

When the plaintiff and defendant agreed to purchase the letters patent and devices from the corporation for $8,000 they entered into and signed contracts, by which they agreed to pay said $8,000 according to the terms of the contracts. The account of sale was kept by the corporations, and the patents and devices charged at the sum of $8,000 to plaintiff and defendant jointly. The corporation, in entering the credit of $3,000, entered it as follows: "Commission account debtor to Joseph A. Lotz and Henry Humburg, $3,000." After the purchase of the said letters patent and devices and the plant of plaintiff, the plaintiff and defendant began and for a time carried on the business together in the city of San Jose. The plaintiff did not discover the fact that defendant had only paid in $2,500, nor the fact that the amount paid to the corporation for the letters patent and devices was only $5,000, until long after the said amounts had been paid and the plaintiff and defendant had been in business together.

The defendant concealed the fact from the plaintiff that he could purchase the letters patent and devices for $5,000, and by such concealment procured the plaintiff to pay $3,000 more into the business than the defendant paid. The defendant, in his own testimony, says: "I did not tell Mr. Humburg about this $3,000 commission to me. . . . " When asked in cross-examination why he did not tell plaintiff about the $3,000 commission, defendant replied: "It was none of his business, nor anybody's business. If I had the option, and I wanted to sell it for $10,000 or $20,000, it was not anybody's business whether I paid one dollar or five dollars for it. . . . I virtually led him to believe that I was going to put into it the same amount that he did. . . . I did not· tell Humburg at the time about my credit of $3,000 because it was not any of his business particularly. I took care of the balance of the money, and if I got a credit by commission for services rendered that was a payment. . . . I told him about October 12th that there was paid $8,000." He further testified, in speaking of the price paid to the corporation: "They agreed to let it go to me at $5,000, and I sold it for $8,000." The defendant declined to repay to the plaintiff

one-half of the excess paid by plaintiff into the business, and hence this action.

Upon the findings judgment was entered for plaintiff for the sum of $1,500, and we are of the opinion that the judgment is correct. Upon plain principles of common honesty the plaintiff was entitled to recover. Defendant was entering into a business arrangement with his friend, and he knew that his friend believed they were going in on equal terms. He informed the plaintiff that he could make the purchase of the letters patent and devices upon favorable terms for the reason that his brother was president of the corporation. Defendant did not disclose the true facts to plaintiff. Honesty and fair dealing required that he should have done so. When the plaintiff and defendant agreed to enter into the common enterprise together, each one became the agent of the other in regard to the purchase of the property and the management of the business. They occupied fiduciary relations to each other, and neither one could take advantage of the other for his own benefit by dealings in the name of both and in furtherance of the common enterprise. Defendant was bound to act in the highest good faith to plaintiff. He will not be allowed to obtain any advantage over him by misrepresentation or concealment. (Civ. Code, secs. 2411, 2228; *King* v. *Wise,* 43 Cal. 628; *Richards* v. *Fraser,* 122 Cal. 460, [55 Pac. 246].)

It is urged by appellant that the plaintiff cannot recover, because he has not shown that he suffered any financial injury by reason of the matters alleged and found. He did suffer damage by reason of the fact that he paid $1,500 more than he would have been required to pay if defendant had paid his just part of the purchase price. But aside from this the proposition is without merit. A person standing in a relation of trust and confidence with another will not be upheld in violating his trust to his own benefit because the entire trust transaction did not injure the party whose trust has been betrayed in the particular transaction. Each party in such case has the right to enjoy his proportion of the benefit of a bargain made by either. (*Calman* v. *Sarraille,* 142 Cal. 638, [76 Pac. 486].)

The findings support the judgment. While they are very full, and contain some unessential matters, we conclude, after a careful examination, that all the material portions of them

are supported by the evidence. It was not necessary for the court to find in express terms upon the issue made by the pleadings to the effect that plaintiff and defendant entered into an agreement, by the terms of which they were to become copartners. The finding of the probative facts shows the position they occupied toward each other in the transaction, and whether they were copartners in the technical sense is immaterial. The answer contained the following averment: "That on or about December 18, 1903, this defendant, being the owner and holder of said option, as aforesaid, bargained with and agreed to sell to Henry Humburg, plaintiff herein, for the sum of $4,000, an undivided one-half interest in and to said patent right to use said devices and portable plant in Santa Clara County." Complaint is made that there is no finding upon this allegation. Upon an examination of the findings we are of opinion that they in effect find against defendant on the allegation. The court found that the plaintiff and defendant agreed, by virtue of certain written contracts, to purchase of the corporation the letters patent and devices. This is inconsistent with and negatives the allegation of the answer referred to.

The allegation in the answer as to a transfer and sale of stock by plaintiff in a corporation that had been created was wholly immaterial. The fact, if true, that plaintiff and defendant formed a corporation to conduct the business after the purchase, and that plaintiff sold his shares at a profit, would not justify the defendant in keeping the $1,500 which in justice he owes to the plaintiff.

In direct examination the plaintiff was asked by his counsel the following question: "Q. If you had known that he had a credit of $3,000 at the time and was to pay $2,500 only, would you have gone into the arrangement?" Defendant claims that the court erroneously overruled his objection to the question. We find by an examination of the record that the question was not objected to until after the witness had answered, and then no motion was made to strike out the answer. The question was then objected to upon the sole ground that it was immaterial. The subject matter of the question was certainly material. It was material to know whether or not the plaintiff would have gone into the arrangement if he had known that defendant was taking ad-

vantage of him to the extent of $1,500. There was no error in the ruling.

The judgment and order are affirmed.

Hall, J., and Harrison, P. J., concurred.