[Civ. No. 4565. First Appellate District, Division Two.—October 30, 1923.]

## V. L. MARSHALL et al., Respondents, v. J. H. BERNHEIM, Appellant.

[1] AGENCY—CONTRACT IN NAME OF AGENT—ELECTION TO HOLD BOTH AGENT AND PRINCIPAL—PAROL EVIDENCE.—Where the vendees of an automobile enter into a written contract for its purchase with only the agent of the alleged owner in the latter's presence, an election by the vendees to hold both the agent and principal, and not the agent alone, may be shown by parol evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Brownstone & Goodman for Appellant.

A. S. Newburgh and E. J. Mooslin for Respondents.

NOURSE, J.—Defendant Bernheim appeals from a judgment rendered against him and defendant Taylor in the sum of $2,833.19. Defendant Taylor failed to appear in the action and judgment went against him by default. Defendant Bernheim concedes that the sum of $472.30 was due from him to plaintiffs and on the trial offered to have judgment entered against him for that amount.

The complaint is in two counts. The first is for the recovery of money paid under a written agreement for the purchase of an automobile upon the ground that the vendors

therein did not have title and the consideration for which the money had been paid had wholly failed. The second is for money had and received. The automobile which was the subject of the contract was stolen from its lawful owner in Chicago on May 29, 1920, and taken to San Francisco, where it was sold to defendant Taylor, a jewelry salesman. Thereafter, and on July 10th, plaintiffs purchased the automobile under a written lease or conditional sale contract with Taylor and it was delivered to them. The following October it was taken from them in a replevin action brought by the owner against the plaintiffs and defendants here, and in May, 1921, plaintiffs instituted this action for recovery of the money paid on account of its purchase. The complaint alleges that on the tenth day of July, 1920, "the defendant Verne Taylor, acting for himself and as the agent for the defendant J. H. Bernheim, entered into a written agreement with plaintiffs, wherein and whereby defendants agreed to sell plaintiffs said automobile" for $4,250, $2,250 to be paid upon the execution of the agreement and the remainder in ten monthly installments of $200 each; plaintiffs to have the use and possession of the automobile, but title to remain in seller until fully paid for. Bernheim's answer denies that he was a party to the agreement alleged in the complaint, or that defendant Verne Taylor, as agent for him, or in any other capacity on his behalf, entered into an agreement with plaintiffs, but admits that defendant Taylor and plaintiffs entered into such an agreement. He also, by way of separate defense, alleges the payment by plaintiffs to Taylor at the time of the execution of the agreement of the sum therein provided for as a first payment; that the contract and automobile were thereafter on said day assigned by Taylor to him; and that on the twelfth day of August and the tenth day of September following plaintiffs made payments to him on account of the contract. These two latter payments are the amounts for which he admits liability. The trial court found, in accordance with the allegations of the complaint, that "defendant Verne Taylor acting for himself and acting for and on behalf and as agent of the defendant J. H. Bernheim" entered into the said agreement with plaintiffs, that defendant Bernheim delivered the automobile to plaintiffs, and that all the payments were made to him. The contract was introduced in evidence by plain-

tiffs. It is executed in the names of defendant Taylor, as lessor, and plaintiffs, as lessees, and bears on the back an assignment of the same date to Bernheim & Levy. There is nothing on the face of the instrument to indicate that Taylor was acting for Bernheim or for anyone other than himself. But to support their claim that the contract was made with Taylor as the agent of Bernheim, plaintiffs introduced evidence over the objection of defendant that Bernheim represented to them before the contract was made that he owned the automobile. The evidence discloses that Bernheim's connection with Taylor and the automobile began about July 1, 1920, when he (an automobile finance broker), through the agency of one Stackhouse, loaned Taylor $1,500 and took as security a lease contract on this automobile. Later in July Stackhouse (who was treated by the trial court as the agent of Bernheim) entered into negotiations with plaintiffs for the purchase of the automobile by them. As a result, on July 10th, Stackhouse, plaintiff Marshall, and defendants Bernheim and Taylor all met at the store where Taylor was employed and the contract referred to between Taylor and plaintiffs was entered into.

[1] Appellant argues that, as the respondents entered into the contract with Taylor in the presence of Bernheim and with full knowledge that Bernheim was the principal, they cannot now hold Bernheim liable under it. The case of *Ferguson* v. *McBean*, 91 Cal. 73 [14 L. R. A. 65, 27 Pac. 518], is cited as authority for this position. There can be no doubt that this case fully supports the rule on which appellant relies. The theory of the Ferguson case was that to permit a party to change his written contract in order to hold a known but unnamed principal would violate the parol evidence rule. Though the rule is not accepted generally in other jurisdictions, it has been followed in this state until the recent case of *Geary Street etc. R. R. Co.* v. *Rolph*, 189 Cal. 59 [207 Pac. 539], where the supreme court implied that it should be qualified to the extent that it must appear that the contracting party elected to hold the agent instead of the principal. The Geary Street case involved an oral contract and the supreme court has left uncertain the application of the rule in a case involving a written contract. Unless the execution of the contract with the agent when the principal is known and present is in itself evidence of

an election to hold the agent, we cannot imagine a case in which the election could be proved by other than parol evidence. Here the trial court admitted parol evidence to show that the respondents dealt with Taylor as the agent of the appellant and it found that Taylor executed the contract, "acting for himself and acting for and on behalf and as the agent of the defendant J. H. Bernheim."

The case at bar is on all-fours with the Ferguson case and ordinarily we would feel bound to follow that decision, as we did upon the original hearing. That case has not been overruled by the supreme court, but the decision in the Geary Street case is of such a character that we cannot but conclude that, if the supreme court were disposed to pass on the question directly, it would disapprove the rule announced in the Ferguson case.

In the Geary Street case the supreme court say (189 Cal. 66 [207 Pac. 542]) : "That the principal is not liable in such a case if the circumstances, or the terms of the contract, or the two combined, show an intent by the other party to take the agent as his debtor or obligor, in preference to the principal, is, as we have said, well established, and it is manifestly in accordance with reason and justice. In such a case the election takes place at the time of the making of the contract." From this we assume that if the trial court should find, upon substantial evidence, that the obligee, at the time the contract was made, elected to hold the agent rather than the principal, the appellate court would be bound by the finding, but where, as here, the trial court found that the obligee took both the agent and the principal, there was no election at the time the contract was made, and, of course, we are bound by that finding.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1923.