[L. A. No. 9538. Department Two.—November 28, 1928.]

PACIFIC READY-CUT HOMES, INC. (a Corporation), Appellant, v. C. W. SEEBER et al., Respondents; H. O. EHLEN, etc., Respondent, v. WILLISTON & MEYFARTH et al., Defendants; PACIFIC READY-CUT HOMES, INC. (a Corporation), Appellant.

Andrew J. Copp, Jr., and West & West for Appellant.

Scarborough, Forgy & Reinhaus, Kenneth H. Burns, C. N. Mozley, C. I. Sweet, Seth B. Smith and T. E. Burnham for Respondents.

SHENK, J.—Pacific Ready-Cut Homes, Inc., brought five actions to foreclose mechanics' liens for lumber and materials furnished by it to the defendants C. W. Seeber, Williston & Meyfarth, Cora Zumwalt, Alice M. Brown, and C. W. Brown as owners, respectively, in said actions. H. O.

Ehlen, a plumbing contractor, was plaintiff in six actions brought to foreclose mechanics' liens for plumbing labor and materials, one against each of the persons named as defendant in the foregoing five actions and the sixth against Hattie J. Crane, all as owners. In each of the six actions brought by H. O. Ehlen, the Pacific Ready-Cut Homes, Inc., and C. O. Neese were also joined as defendants as the parties to whom and at whose request the plumbing labor and materials were furnished. C. O. Neese was also made a defendant in the five actions brought by Pacific Ready-Cut Homes, Inc., as the contractor and agent of the owners to whom the lumber and materials were furnished by it. It is undisputed that the materials furnished by appellant and the labor and materials furnished by H. O. Ehlen were so furnished and at the request and order of C. O. Neese and that C. O. Neese received from the respective owner defendants the full contract price therefor. C. O. Neese disappeared and absconded with the money paid to him by the respective parties.

The eleven actions were tried together on the issues raised by the various complaints, answers, and cross-complaints and answers thereto. In the five cases brought by the Pacific Ready-Cut Homes, Inc., the trial court found that C. O. Neese was the ostensible agent of the plaintiff in the transactions involved and that he contracted with the various owner defendants as the ostensible agent of his principal; that the plaintiff therein was paid in full for the materials furnished, and rendered judgments for the defendant owners. In the six actions brought by H. O. Ehlen the trial court made a similar finding of the ostensible agency of C. O. Neese and further found that the Pacific Ready-Cut Homes, Inc., as principal, had received payment through its agent, C. O. Neese, on account of the contract price for plumbing labor and materials alleged to be due to H. O. Ehlen. The court denied the foreclosure of liens asserted on behalf of H. O. Ehlen, but rendered judgments in his favor against Pacific Ready-Cut Homes, Inc., for the amounts found to be due. The Pacific Ready-Cut Homes, Inc., has appealed from the judgments against it in each of the eleven cases. The appeals are consolidated and submitted on one set of briefs. The sole question presented for our consideration is whether the evidence sustains the find-

ing that C. O. Neese was the ostensible agent of the Pacific Ready-Cut Homes, Inc., with ostensible authority to bind it on the contracts made by him with the various owner defendants and with H. O. Ehlen.

The plaintiff, Pacific Ready-Cut Homes, Inc., is a corporation, which has its principal office in the city of Los Angeles. It has for its declared purpose the reduction of labor costs to builders. It cuts and machines lumber materials for an entire building at its factory in accordance with plans and specifications selected by the prospective builder and delivers them at the building site ready to be placed into the structure. For the extension of its business the officers of the corporation arranged with numerous individuals, for a specified commission on all orders sent in, to advertise its business and prevail upon prospective builders, within assigned territory, to engage the services of the corporation in supplying complete ready-cut lumber and materials. The corporation also advertised a service which included arrangements for financing the construction of buildings in its home territory of Los Angeles. It insists, however, that the individuals who undertook to extend the business of the corporation into other assigned territories were independent contractors and were engaged only to sell its product and to be responsible on their own account as contractors to the prospective builders. Mr. Baumgarten, an officer of the corporation who concluded the arrangements with C. O. Neese for the Orange County territory, testified that there was no written contract with him but that pursuant to an oral understanding Neese undertook to become what Mr. Baumgarten and the corporation insist was a "distributor" or purchaser of ready-cut building materials for Pacific Ready-Cut Homes to be erected in his exclusive territory, as distinguished from an agent who could bind Pacific Ready-Cut Homes, Inc., as a principal, on the contracts made by Neese as building contractor with the prospective builders. The contract made with each of the defendant owners in the five actions brought by Pacific Ready-Cut Homes, Inc., was in writing, and was signed by C. O. Neese, contractor, and by the owner as buyer. The contracts for plumbing work and materials to be installed in each of the structures involved in the six cases brought by H. O. Ehlen were orally made between H. O. Ehlen and C. O. Neese.

694

■ All parties to this controversy concede that it is settled law that ostensible agency cannot be created alone by the representations of the purported agent himself but that there must be some act or conduct on the part of the principal by which he either intentionally or by want of ordinary care causes or allows a third person to believe that the agent possesses the authority to bind him as principal (Civ. Code, secs. 2300, 2317, 2334), and that if there is in the record evidence of either intentional or negligent conduct on the part of the appellant which would lead the respondents to believe that Neese was, in fact, its agent with authority to bind it on the contracts involved, and other contentions of appellant are answered, the findings of the trial court are sustained.

■ It must be concluded from a review of the evidence that the record is replete with instances of want of ordinary care, at least, as a result of which respondents could be led to believe, and in fact did believe, that Neese was the agent of the appellant with authority to bind it as principal on the contracts involved. It was in evidence that for a period of a number of months before and during which the contracts involved were entered into, there was displayed outside of Neese's office in Santa Ana a large sign bearing the words "Pacific Ready-Cut Homes, Inc.," and a similar small sign on the desk in the office but without the abbreviation "Inc." Mr. Baumgarten, district sales manager and the only representative of the corporation who visited Neese's office, denied that he saw the sign outside, or, if he saw it, that it bore the abbreviation "Inc.," although he admitted that if there was a sign outside it was the sign that was authorized by the company. Wherever Pacific Ready-Cut Homes were being constructed, it was in evidence that at least one large sign, "BUILT BY PACIFIC READY-CUT HOMES, INC.," was placed on the construction site. C. O. Neese used business cards and letter-heads with the firm name "Pacific Ready-Cut Homes, Inc.," printed thereon, the cuts and copy for which, according to the testimony of Mr. Baumgarten, were furnished by the advertising department of the appellant. Mr. Baumgarten, himself by letter to Mr. Neese, approved the form of the letter-heads. In that letter he stated: "I like your letter-head, business card and your envelope very much and I can see

that you appreciate the importance of setting the name 'Pacific Ready-Cut Homes, Inc.' in the foreground.'' Neese and his assistant also carried signs on their automobile bearing the name of the corporation, which were made at the paint shop of the appellant, although, Mr. Baumgarten contends, without the knowledge or consent of the officers of the company. Checks of the defendants were drawn in favor of Pacific Ready-Cut Homes, Inc., and were indorsed by C. O. Neese. The telephone directory listed ''Pacific Ready-Cut Homes, Inc.,'' with the address and telephone number of Neese's office in Santa Ana. Nothing, with the exception of giving some ineffectual warnings or orders to Neese, was done by the appellant during this period to prevent C. O. Neese from representing that he was acting as the agent for and on behalf of Pacific Ready-Cut Homes, Inc., as principal, or to prevent others from relying on those representations. Mr. Baumgarten testified: ''Q. You didn't follow it up to see that he carried out your orders? A. It is very evident that we were negligent in that.''

There was additional evidence in some of the cases from which the conclusion could be drawn that the appellant intentionally caused certain of the respondents to deal with C. O. Neese as its authorized agent. As to all of the respondents there is sufficient in the record from which the trial court could justly reach the conclusion that the appellant had knowledge that Neese was holding himself out as its agent and allowed him to do so without attempting to take any effective measures to prevent third persons from relying on his conduct. In this the appellant was guilty of want of ordinary care.

We find no merit in the contention of the appellant that the respondents were guilty of negligence in failing to make inquiries at the home office of the appellant to verify Neese's representations. The direct and the circumstantial evidence in the record was sufficient to confirm the truth of Neese's representations, and the respondents were justified in relying thereon.

The appellant makes the further and final contention that even if there be sufficient in the evidence to support a finding that an ostensible agency existed, still each written contract shows on its face that it was signed by C. O. Neese on his own behalf and not as agent; that the evidence is

undisputed that the principal was disclosed at the time the contracts were signed; that the rule is that a claimant may hold either the principal or the agent on a contract signed by the agent apparently on his own behalf without disclosing his principal for whose benefit it was, in fact, made, but that such rule may not be invoked to hold the principal when the principal is disclosed, because the contract is evidence of an election to extend credit to the agent only and extrinsic evidence cannot be introduced to vary its terms or make a different contract for the parties. The appellant cites *Ferguson* v. *McBean*, 91 Cal. 63 [14 L. R. A. 65, 27 Pac. 518], in support of its contention. General language in that case, unnecessary to the decision, however, would seem to support the contention. But in the later case of *Geary St. R. R. Co.* v. *Rolph*, 189 Cal. 59 [207 Pac. 539], the court restricted the application of the Ferguson case to the particular circumstances there appearing, viz., where it appeared that the plaintiff deliberately chose to take the contract of one party alone instead of a contract of both. No question of principal and agent was involved. The Geary St. R. R. Co. case states the rule which is now controlling, as follows: "We are also of the opinion that the better reason, as well as the weight of authority, is against the proposition that the mere fact that the principal is known to the third person at the time he contracts with the agents prevents such third person from holding the principal liable on the contract made in the name of the agent. . . . That the principal is not liable in such a case if the circumstances, or the terms of the contract, or the two combined, show an intent by the other party to take the agent as his debtor or obligor, in preference to the principal, is, as we have said, well established, and it is manifestly in accordance with reason and justice. In such a case the election takes place at the time of the making of the contract. But where no such election or intent appears, and there is nothing more than a contract made in the name of the agent, knowing him to be such and with knowledge of the identity of his principal, the case is, and should be, governed by the well-known principle that he who acts by another acts by himself, that the contract of the agent, within the scope of his authority, is in legal effect the contract of the principal.

. . . An examination of the decisions on the subject shows that the idea that the principal cannot be held liable in cases where the third person, at the time of contracting, knew the principal and his relation to the transaction, arises from the unfounded assumption that, since the decisions holding the principal liable when the contract does not disclose his name or interest, refer to him as the 'undisclosed principal,' the doctrine does not prevail when he is known. But this language is used because the principal was insisting, not that he is not liable when he is known, but that he is not liable when the contract does not on its face purport to bind him, or to be for his behoof or benefit. It is this circumstance that is referred to by the word 'undisclosed.' The principal would have no standing in court to say he is not liable when his authorized agent makes a contract purporting to be for him and the party taking it had full knowledge of the fact that it was for him. The liability when he is undisclosed does not arise from his not being known, although sometimes fraud from that fact is also involved, but from the fact that the contract of his authorized agent, though not in his name, is really for his benefit and in his business. Thus Mr. Mechem says: 'The principal is also liable on all informal contracts entered into on his account and by his authority and not expressly made on the agent's responsibility rather than the principal's. . . . Where a person is known to be acting as the agent of a disclosed principal, the presumption is that the principal and not the agent is to be bound.' (2 Mechem on Agency, sec. 1710; see, also, sec. 1717.)''

The court in that case applied the doctrine and the reasoning to circumstances involving an oral contract, but no good reason appears why it should not apply as well when the contract is written. Since the decision in *Geary St. R. R. Co.* v. *Rolph, supra,* the district court of appeal has applied the doctrine of that case to a case wherein the parties had entered into a written contract. (*Marshall* v. *Bernheim,* 64 Cal. App. 283 [221 Pac. 401].)

It is undisputed that each of the respondents at the time he entered into his contract with C. O. Neese intended to enter into a contract with Pacific Ready-Cut Homes, Inc., as the principal, and believed that he was so doing through C. O. Neese as its agent. We conclude that the doctrine of

*Geary St. R. R. Co.* v. *Rolph, supra,* is applicable to these cases and that the findings of the trial court are sustained. The judgments are affirmed.

Richards, J., and Langdon, J., concurred.