[Civ. No. 7332.  First Appellate District, Division Two.—November 5, 1930.]

JOHN K. MILONAS, Respondent, v. GEORGE I. SARANTITIS et al., Defendants; GUS SARANTITIS et al., Appellants.

Hugo D. Newhouse and Russell P. Tyler, for Appellants.

L. L. James and James, Brann & Rowe for Respondent.

NOURSE, P. J.—Plaintiff recovered judgment for $1040 unpaid rent for premises occupied by defendants under a written lease signed by George Sarantitis alone. The defendants other than George Sarantitis appeal on typewritten transcripts.

The trial court found that all the defendants were engaged in business as copartners and that "by consent and agreement of all parties, said George I. Sarantitis subscribed

and executed" the lease in his individual name "for and on behalf of himself and his said brothers and copartners". The appellants attack this finding as not supported by the evidence, but say that it would be too difficult to print the evidence to establish their point. Respondent has printed sufficient evidence to sustain the finding. ▆ The liability of the appellants thus rests upon the well-settled rule that where a person is known to be acting as the agent of a disclosed principal the latter is bound upon the principle that the contract of the agent, within the scope of his authority, is, in legal effect, the contract of the principal. (*Geary St. etc. R. R. Co.* v. *Rolph,* 189 Cal. 59, 65, 66 [207 Pac. 539]; *Marshall* v. *Bernheim,* 64 Cal. App. 283, 285 [221 Pac. 401]; *Pacific Ready-Cut Homes, Inc.,* v. *Seeber,* 205 Cal. 690, 697 [272 Pac. 579]; *Rubin* v. *Platt Music Co.,* 92 Cal. App. 203, 210 [268 Pac. 396].)

▆ The further point is made that the trial court erred in receiving parol evidence to show that the contract was in fact a partnership transaction. Recent decisions support the general rule that when it does not appear that the contracting party, at the time the contract was executed, elected to hold the agent instead of the principal parol evidence is admissible to show the intention of the parties. (21 R. C. L., pp. 891, 893.) In the early case of *Byington* v. *Simpson,* 134 Mass. 169, the court, speaking through Holmes, J., said: "Whatever the original merits of the rule, that a party not mentioned in a simple contract in writing may be charged as a principal upon oral evidence, even where the writing gives no indication of an intent to bind any other person than the signer, we cannot reopen it, for it is as well settled as any part of the law of agency." The rule was recognized in *Marshall* v. *Bernheim, supra, Rubin* v. *Platt Music Co., supra,* and in *Pacific Ready-Cut Homes, Inc.,* v. *Seeber, supra,* where, at page 697, the court said that "no good reason appears why it (the rule holding a disclosed principal liable) should not apply as well when the contract is written". The court did not pass directly on the question here presented, but it did hold the disclosed principal liable, and to do so it had to rest its decision on the parol evidence which showed that the contract signed by the agent was in truth and fact signed for and

on behalf of the principal whose identity was disclosed at the time the contract was made.

Thus, if a principal, in making the contract, assumes a fictitious or artificial name parol evidence is admissible to identify the real party in interest, and the situation is nowise changed if the principal should make use of the name of another known person. (*Pease* v. *Pease*, 35 Conn. 131 [95 Am. Dec. 225] ; *Pleins* v. *Wachenheimer*, 108 Minn. 342 [133 Am. St. Rep. 451, 122 N. W. 166].) The principle is well stated in *Ford* v. *Williams*, 21 How. (U. S.) 289 [16 L. Ed. 36], as follows: ''The contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein; and notwithstanding the rule of law that an agreement reduced to writing may not be contradicted or varied by parol, it is well settled that the principal may show that the agent who made the contract in his own name was acting for him. This proof does not contradict the writing; it only explains the transaction.''

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1930, and a petition by appellants to have the cause heard in the Supreme Court after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1930.