[Civ. No. 167. Fourth Appellate District.—January 26, 1931.]

JESSIE F. McMURRY, Administratrix, etc., Respondent, v. PACIFIC READY-CUT HOMES, INC., (a Corporation), Appellant.

Andrew J. Copp, Jr., and Hubert Starr for Appellant.

Jess G. Sutliff for Respondent.

MARKS, J.—This action was brought by Henry H. Mc-Murry to recover damages against defendants for breach of contract. After the action was instituted, and before the trial, he died and Jessie M. McMurry, the administratrix of his estate, was substituted as plaintiff in his place and stead.

The contract upon which the action is based was entered into by Henry H. McMurry and Jessie F. McMurry, his wife, with Frey & McIntyre for the construction of a house at Big Pine in Inyo County. Frey & McIntyre abandoned the contract and McMurry completed it. Plaintiff claims $740.88 damages, as money expended in completing the house over and above the contract price, and $300 special damages for its rental value for the period of the delay in construction. A judgment was entered against all defendants for the damages prayed for.

Appellant presents several assignments of error upon which it relies for a reversal of the judgment. Under the view we take of the case it will be necessary for us to consider but one of them. The court found that Frey & McIntyre were the ostensible agents of appellant in entering into the contract with deceased and his wife. If the evidence fails to support this finding the judgment must be reversed.

Section 2300 of the Civil Code provides as follows: "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him."

In 1 California Jurisprudence, at page 739, the elements essential to the creation of an ostensible agency are clearly set forth as follows: "There are two essential features of an ostensible authority, viz., the third person must believe that the agent had authority, and such belief must be generated by some act or neglect of the person to be held. To state the same requirements in different terms and in reverse order, there must be some intentional conduct or neglect on the part of the alleged principal creating a belief in the minds of third persons that an agency exists, and a reasonable reliance thereon by such third persons. Attention will be given in the following sections to the rules that the third person must believe that the agent possessed the authority assumed; and that this belief must have arisen by reason of the acts and declarations of the principal, recognizing the authority of the agent in similar previous transactions. In addition to these more important elements, there is a further requirement that the third person, in relying on the agent's apparent authority, must not have been guilty of negligence."

In the case of *Pacific Ready-Cut Homes, Inc.*, v. *Seeber*, 205 Cal. 690 [272 Pac. 579, 581], the court said: "All parties to this controversy concede that it is settled law that ostensible agency cannot be created alone by the representations of the purported agent himself but that there must be some act or conduct on the part of the principal by which he either intentionally or by want of ordinary care causes or allows a third person to believe that the agent possesses the authority to bind him as principal (Civ. Code, secs. 2300, 2317, 2334)."

From these rules of law it is apparent that in this case there would have to have been some act or omission on the part of Pacific Ready-Cut Homes, Inc., to make Frey & McIntyre its ostensible agents. The evidence fails to disclose any intentional act on the part of appellant by which respondent and her husband could have been led to believe that this relation existed. If the ostensible agency existed

its source must be found in some neglect. of duty or want of ordinary care on the part of appellant.

Appellant was a manufacturing concern with its principal place of business in the city of Los Angeles. It cut and prepared lumber for buildings at its factory and delivered the material at the building sites ready to be placed in the structure. It had entered into a contract with E. R. Frey whereby he became an independent contractor for the use of such materials in the construction of buildings in Inyo County.

Respondent and her husband desired to erect a home in Big Pine. Douglas Joseph, one of their neighbors, had written a letter to appellant stating his desire to erect a dwelling and had received a reply in which he was referred to Frey as "our Builder who is maintaining a complete building service for Pacific Ready-Cut Homes, in your territory". Joseph informed deceased of this communication and deceased and his wife got into communication with Frey. R. K. McIntyre, Frey's partner, called upon them in Big Pine and left with them a pamphlet issued by appellant describing its mode of operation and containing plans, specifications, and pictures of a large number of houses. In the center of one of the pages of this pamphlet, in a type distinctive from the other type on the page, and surrounded by brackets, appeared the following:

"Construction Service Outside of Los Angeles

"If your home is to be built distant from Los Angeles, outside of the traveling radius of our crews, arrangements can be made with nearest builder of Pacific Homes (name on request) to assume the responsibility."

The evidence shows that the pamphlet given to respondent and deceased by McIntyre was placed upon many newsstands and in book stores for sale and was in many free libraries.

Negotiations resulted in a written contract bearing date the twenty-second day of May, 1928, "between Frey & McIntyre, contractor, and Henry H. McMurry, buyer, address, Big Pine, California." It was also signed by Jessie F. McMurry as buyer though her name did not appear in the body of the agreement. The parts of this contract material here are as follows:

"That as between the parties to this agreement, and any assignee or successor in interest of either or both parties, said R–C building and equipment shall be regarded as personal property, and title to same and the right to immediate possession of same without any writ, process or order of any court, shall remain in aforesaid contractor, until the entire purchase price has been paid. . . .

"All orders are taken subject to approval of and acknowledgment by the company.

"The initial payment received under the terms of this contract is to be applied on account of preparing sketches, estimates on building, and general office charges of the contractor. Upon commencement of building operations the initial payment is to be applied on account of the purchase price as specified in said contract, the sketches, estimates, etc., to remain the property of the corporation."

On May 31, 1928, respondent and deceased made a payment of $2,288 by check payable to Pacific Ready-Cut Homes, Inc. This check bears the indorsement of the corporation and was paid on July 26, 1928. The second payment was made in the sum of $1095 and was by check payable to Pacific Ready-Cut Homes. It bore the indorsement "Pacific Ready-Cut Homes by R. K. McIntyre". On August 29, 1928, a third payment was made in the sum of $1100 by a check payable to Frey & McIntyre and indorsed by them. Another check in the sum of $587 was drawn in favor of Pacific Ready-Cut Homes, Inc. It was indorsed "Pacific Ready-Cut Homes by Frey & McIntyre". Appellant had no knowledge of the issuance or payment of any of these checks except the first.

Rafael Rossi testified that he had written appellant concerning the building of some houses for him and had been called upon by Frey in reply to his letter. It does not appear that either respondent or deceased had any knowledge of this transaction prior to the completion of their home.

We have summarized all of the evidence in the record upon which respondent must rely to support the finding of ostensible agency. We believe that this evidence fails to support such a finding. Under the terms of the contract appellant was entitled to receive and retain the money obtained on the first check issued by respondent and deceased. It had no knowledge of the other checks and therefore could

not be bound by their issuance. While the form of the contract between respondent and her deceased husband and the contractors was furnished to Frey by appellant, its name did not appear therein, and under its terms respondent and her husband were dealing with Frey & McIntyre as their contractors. In the letter from appellant to Joseph, Frey was referred to as a builder and not as the agent or other representative of Pacific Ready-Cut Homes, Inc. We find from these facts no evidence of a neglect or omission to perform a duty on the part of appellant upon which respondent and her deceased husband could have relied to establish an ostensible agency on the part of Frey & McIntyre or either of them.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.