[Civ. No. 7561.   Third Dist.   Feb. 23, 1949.]

C. C. PURVIANCE, Respondent, v. L. K. SHOSTAK, Appellant.

Leland S. Fisher and Brantley W. Dobbins for Appellant.

Frank W. Taft and Walter K. Lock for Respondent.

ADAMS, P. J.—The findings of fact made by the trial court in this action recite that in November, 1943, plaintiff and defendant entered into a joint adventure to purchase certain real property in the city of Vallejo, known as the "Thoreson Apartments," and to share the profits and losses equally; that defendant represented to plaintiff that the prop-

erty could be purchased for $21,000, and that they could finance it by contributing $4,500 each and securing a bank loan for the balance of $12,000; that the representation by defendant that the property could be purchased for $21,000 was false, as it could be purchased for $16,500, which defendant knew; that at the time said representations were made to plaintiff defendant had already purchased the property for $16,500 but had taken title in the name of Ernest B. Reuben, his brother-in-law, and had the deed from Reuben to plaintiff and defendant deposited with a title company to be delivered to plaintiff and defendant upon payment of $21,000 as above stated; that defendant did not pay his $4,500 share, but deposited with the title company a false receipt from Reuben for the sum of $4,500, and that defendant did not contribute any sum whatsoever to the purchase price of the property; that plaintiff at all times acted by and through his agent and attorney, Russell L. Taft, which was at all times well known to defendant; that thereafter the property was sold by plaintiff and defendant for $37,000, of which sum defendant received $10,000 and plaintiff $10,000. From these findings it was concluded that plaintiff was entitled to judgment against defendant for $4,500, and such judgment was duly entered.

On this appeal by defendant Shostak it is not contended that there is not evidence to sustain the findings. We therefore assume that they correctly state the facts.

Appellant presents four grounds for reversal, to wit: That the action was not brought by the real party in interest; that the trial court erred in admitting parol evidence to establish the agency of Russell L. Taft for plaintiff; that plaintiff failed to establish proof of nonperformance of the contract; and that plaintiff failed to prove damages.

The first of said grounds is based upon the following: A written agreement between Taft and defendant for the purchase of the property wherein the terms are set forth, said agreement being dated November 5, 1943, and in which it is not stated that Taft is acting as agent for plaintiff; the escrow instructions delivered to the title company which are signed by defendant and Taft; the deed from Reuben and his wife which was executed to defendant and Taft; and a final statement, regarding the entire transaction, which was rendered to Taft by defendant, and showed a profit to each of them. Appellant argues that therefrom it must be held that plaintiff was not the real party in interest entitled to

prosecute the action, and that parol testimony could not be relied upon to establish that Taft was acting as agent for plaintiff; and that evidence that he was so acting was erroneously admitted in violation of the rule that parol evidence is inadmissible to vary the terms of a written instrument.

There is ample evidence in the record that Taft was so acting; and that such evidence did not vary the terms of the aforesaid writings but only explained them has been held in numerous decisions of the courts of this state, citing and relying upon *Ford* v. *Williams,* 21 U.S. (How.) 287 [16 L.Ed. 36]. In that case it was held that the contract of an agent is the contract of the principal and he may sue or be sued thereon, though not named therein; that notwithstanding the rule of law that an agreement reduced to writing may not be contradicted or varied by parol, the principal may show that the agent who made the contract in his own name was acting for him; and that this proof does not contradict the writing but only explains the transaction.

*Ford* v. *Williams* is cited and followed in numerous California decisions, to wit: *Curran* v. *Holland,* 141 Cal. 437, 439-440 [75 P. 46]; *Schader* v. *White,* 173 Cal. 441, 445 [160 P. 557]; *Rubin* v. *Platt Music Co.,* 92 Cal.App. 203, 207, 210 [268 P. 396]; *Buckley* v. *Shell Chemical Co.,* 32 Cal. App.2d 209, 215 [89 P.2d 453]; *Milonas* v. *Sarantitis,* 109 Cal.App. 343, 345 [292 P. 978]. Also see *Chapman* v. *Java Pac. Line,* 241 F. 850, 853 [154 C.C.A. 552]; 2 Am.Jur. § 448, pp. 355-356.

█ Appellant's next contention merits little attention. Though plaintiff made some profit on the deal his profit was less than it would have been had the actual price of $16,500 for the property been considered in the division of the proceeds of the subsequent sale. Furthermore, a breach of trust or confidence, such as was shown here, will justify a judgment for damages even though no actual damage is shown. See *Humburg* v. *Lotz,* 4 Cal.App. 438, 442 [88 P. 510], and cases there cited. Also see *Fink* v. *Weisman,* 129 Cal.App. 305, 310-311 [18 P.2d 961], and *Menefee* v. *Oxnam,* 42 Cal. App. 81, 87 [183 P. 379].

█ Appellant finally contends that respondent failed to sustain the burden of proof as to the failure of defendant to contribute his $4,500. He argues that the court was bound to accept as true the testimony of appellant and that of Mrs. Reuben, which was to the effect that defendant paid the

$4,500 directly to the Reubens, by way of a note, and that said note was subsequently paid by defendant, a receipt by the Reubens for said payment of $4,500 having been filed with the title company instead of the cash.

We think that there is ample in the record to sustain the trial court's finding. An appellate court must view the evidence in the light most favorable to respondent and indulge all intendments which favor the sustaining of the findings. The trial court was the sole judge of the credibility of the witnesses, including appellant, and was free to disbelieve appellant's testimony, even uncontradicted, if any rational ground existed for so doing. (*Shapiro* v. *Equitable Life Assur. Soc.*, 76 Cal.App.2d 75, 96-97 [172 P.2d 725].)

It appears without question that at the time that defendant first discussed the purchase of property with plaintiff, and at the time the agreement between Taft and defendant was entered into on November 5, 1943, title to the property was in one Giacomelos; that it was not conveyed to the Reubens until November 16, 1943, by deed recorded November 23d, and that the deed from the Reubens to defendant and Taft was recorded less than four minutes thereafter. The title company received but $16,500, which was the amount for which Giacomelos sold the property, and the latter had no dealings with the Reubens. There had apparently been other deals between defendant and Reuben who was his brother-in-law, wherein defendant had borrowed from Reuben. Defendant concealed from plaintiff and Taft the fact that he had put up no money on the transaction and had secured the property for $16,500 instead of $21,000 as represented; and it is significant that he did not call Reuben as a witness. The whole course of Shostak's dealings indicates that he deliberately diverted $4,500 to his brother-in-law in violation of his confidential relationship with plaintiff, his joint adventurer, and justified the conclusion of the trial court that the receipt for the $4,500 from Reuben was fictitious.

Respondent in his brief before us requests that we make an additional finding to the effect that plaintiff furnished all of the moneys used in the purchase of the property, that defendant was repaid $4,500 and the additional sum of $4,773; and that the judgment be increased accordingly. He relies upon section 956a of the Code of Civil Procedure; but that section and article VI, section 4¾, of the Constitution authorizing it, provide that the making of such additional findings is discretionary with an appellate court (*Replogle* v. *Ray,*

48 Cal.App.2d 291, 311 [119 P.2d 980]); and in this case, since the trial court saw fit to fix the award of damages in the amount of $4,500 only, we are not disposed to make additional findings in order to support an increased judgment for plaintiff.

The request for additional findings is denied and the judgment of the trial court is affirmed.

Peek, J., and Thompson, J., concurred.